# Pennsylvania Stave Company's Appeal.

*Taxation—Real estate—Saw mill—Leasehold.*

1. A manufacturing plant consisting of a sawmill, houses, shops, sheds and barn is taxable as real estate, although the structures stand upon land leased for a term of years with a right in the lessee to remove the buildings and machinery at the end of the term.

*Taxation—Assessment—Valuation—Real estate—Market value.*

2. The law requires that the valuation of real estate for the purpose of taxation shall be determined upon the basis of market value, or rather upon actual value limited and defined by market value.

3. Where there is no other real estate of the same kind in the taxing district, and hence no standard by which to measure its value as compared with the value of other property of like character, the assessable value must be determined by taking into consideration those elements which give it a market value, such as machinery, equipment, and permanent improvements to the extent that they may effect the selling price. The cost of the property of this character has no controlling effect.

4. On an appeal to the Common Pleas from a tax assessment the proceeding is de novo. A prima facie case is made out by offering in evidence the record of the assessment in the office of the county commissioners, together with such data as was before the board of revision, but this only makes out a prima facie case, and whether it shall be sustained or not depends upon the evidence produced at the hearing.

5. If the evidence as to valuation be conflicting, some of it sustaining the valuation fixed by the board of revision, the court will be warranted in so holding, but if all the testimony taken at the hearing shows the valuation to be too high, it is the duty of the court to find the facts in accordance with the evidence thus produced.

Argued March 11, 1912. Appeal, No. 136, Jan. T., 1911, by Pennsylvania Stave Company, from decree of C. P. Bradford Co., Sept. T., 1910, No. 220, dismissing assessment from tax settlement. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

## 98 PENNSYLVANIA STAVE COMPANY'S APPEAL.

Appeal from tax settlement.  Before FANNING, P. J.

From the record it appeared that the Pennsylvania Stave Company leased certain land in 1903 from the Elk Tanning Company and the Union Tanning Company, and erected thereon a manufacturing plant consisting of a saw mill, houses, barn and sheds.  The lease provided that the stave company should have the right to remove the structures within one year from the time it had used up timber which the tanning companies had sold to the stave company at the time the lease was executed.

At the tri-ennial assessment in 1910, the assessor of Barclay township assessed the said mill site, consisting of 26 acres of land to the Pennsylvania Stave Company at $260, and then separately assessed to the said company, its said manufacturing plant as follows:  14 D-Houses $700, 3 Houses $1,000, 10 D-Houses $3,000, 1 B-House $400, Barn and Shop $300, Sheds and Office $3,500, Mill Complete $45,000.

The Pennsylvania Stave Company contended that it was a tenant holding the said mill site by virtue of a lease, and that the manufacturing plant was placed by it upon the leased lands for a temporary purpose with the right and intention of removing the same as soon as the work is completed, and that the plant is personal property, being trade fixtures upon leased lands, and not real estate, and therefore not liable to taxation for local purposes, and, further contend that the values placed thereon were excessive and much more than the said property would sell for, and appealed from the said assessment as sustained by the Board of Revision of Taxes, to the Court of Common Pleas.

The court in an opinion by FANNING, P. J., dismissed the appeal.

*Error assigned,* among others, was decree dismissing the appeal.

*Chas. M. Culver* and *A. F. Jones,* of *Lewis, Jones & Lewis,* for appellant.—There is no question but that a fixture erected by a tenant upon demised premises for the purpose of carrying on his trade is personal property: Hill v. Sewald, 53 Pa. 271; Voorhis v. Freeman, 2 W. & S. 116; Vail v. Weaver, 132 Pa. 363.

Even under the common law rule of fixtures as enforced by the English courts, the mill in the case at bar did not become part of the freehold: Rex v. Inhabitants of Otley, 1 Barn. & Adolph., 161; Wansbrough v. Maton, 4 Adolph. & Ellis 884.

Personal property such as this is not taxable. The law does not subject it to the burden of taxation for local purposes.

The tax laws must be strictly construed and unless there is an express legislative grant of the power to tax it does not exist: Central Penna. Lumber Co.'s App., 232 Pa. 191; Federal St. & Pleasant Valley Pass. Ry. Co. v. Pittsburgh, 226 Pa. 419; Eastburn's App., 2 Chest. County 241; McNally v. Field, 119 Fed. Repr. 445.

The property is not taxable as real estate: Deitz v. Beard, 2 Watts 170; Finan v. Bradford County, 5 Pa. C. C. R. 224; Patterson v. Del. County, 70 Pa. 381; John T. Dyer Co.'s App., 21 Pa. C. C. R. 442; Ridgway v. County Commissioners, 5 Montg. County 25; Crozer v. County Commissioners, 3 Del. County 81; Mellon v. Allegheny County, 3 Pa. D. R. 422; Wilkes-Barre Times v. Wilkes-Barre, 10 Kulp 320; Union Petroleum Co.'s App., 9 Del. County 160.

The valuation was excessive.

Market value, that is, the price for which the property will sell at public sale, after proper notice, is the only measure of value for the purposes of taxation: Lehigh & Wilkes-Barre Coal Co. v. Luzerne County, 225 Pa. 267; Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272; Del., Lackawanna & Western R. R. Co.'s Tax Assessment, 224 Pa. 240.

*Rodney A. Mercur,* for appellee.—The appellants

property was taxable as real estate: Bemis v. Shipe, 26 Pa. Superior Ct. 42; Luzerne County v. Galland, 3 Kulp 11; Dravo Contracting Co. v. Grambling, 45 Pa. Superior Ct. 72; Guthrie v. Pittsburgh Dry Goods Co., 47 Pa. Superior Ct. 384; East Lampeter Twp. v. Maignen Filter Plant, 26 Lancaster Law Rev. 396.

The valuation placed upon the appellant's property was not too high: Hamilton Heirs' App., 14 Pa. D. R. 655; Ferguson v. Lycoming County, 8 Pa. C. C. R. 667; Lehigh & Wilkes-Barre Coal Co.'s App., 14 Luzerne Leg. Register 253; Del. Lack. & West. R. R. Co.'s Tax Assessment, 224 Pa. 240; Garber's App., 17 Pa. D R. 464; Rockhill Iron & Coal Co. v. Fulton County, 204 Pa. 44; Drake's Appeal, 5 Northampton County 215; Drake v. Northampton County, 14 Pa. D. R. 688; Bell's Appeal, 11 Pa. D. R. 732; Com. v. Hanna, 17 Pa. D. R. 308; Irwin Basin Coal Lands Assessment, 17 Pa. D. R. 825.

OPINION BY MR. JUSTICE ELKIN, April 15, 1912:

Appellant, a corporation, is engaged in the manufacture of cooperage supplies, and has a plant located in Barclay township, Bradford county. The plant consists of a large and well equipped sawmill, twenty-eight houses, single and double, office, shop, sheds and barn. The buildings are all substantially built on permanent foundations. They stand upon leased ground but belong to appellant company. These permanent structures were assessed as real estate by the local assessors and the valuations so made were returned to the county commissioners for the purpose of taxation. The board of revision sustained the assessment and an appeal was taken to the court below under the Act of April 19, 1889, P. L. 37, and that court sustained the valuation and assessment of the property in question as real estate. The appeal to this court was taken under the Act of June 26, 1901, P. L. 601. Two questions are raised: first, whether the manufacturing plant con-

sisting of a sawmill, houses, shops, sheds and barn are subject to taxation as real estate; and second, whether under the law and facts a proper valuation was made. It is argued for appellant that the buildings are trade fixtures and not real estate. This position is based upon the theory that the stave company is merely a tenant with the right to remove all the buildings when the timber is cut, and that the title to the land upon which the plant is located is in the lumber company. This is an erroneous view to take of the situation. The stave company under its contract with the lumber company has an estate for a term of years in the twenty-six acres of land, and this estate together with the permanent improvements thereon is a proper subject of taxation under the Act of April 15, 1834, P. L. 509, which act as amended by the Act of April 29, 1844, P. L. 486, 497, provides for the taxation as real estate of "houses, lands, lots of ground, and ground rents, mills manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries and ferries, wharves," and other like property. It will be noticed that under the general term "real estate" the act specifically names many kinds of structures to be included as proper subjects of taxation. Houses, mills and manufactories of all kinds are included in the enumeration with the evident intention of making them subjects of taxation as real estate. There is no suggestion that the taxation of houses, mills and factories is made to depend upon the kind or character of the estate the owner may have in the land upon which the buildings are located. The taxing statutes look to the nature of the structure, whether it be permanent or not, rather than to the technical legal distinctions as to what constitutes real estate. If it had been otherwise intended it would not have been necessary to designate the different kinds of improvements which should be subject to taxation as real estate. The legislature had the power to say what

kinds of property should be taxed as real estate and it exercised this power in the Acts of 1834 and 1844. The property involved in this proceeding comes within the express provisions of these statutes, and it would be sticking in the bark to hold that this valuable estate should be exempt from taxation because the stave company was not the owner of the fee in the land demised to it for a term of years. In this connection it should not be overlooked that the stave company is the owner of the sawmill, houses, sheds, shops and barn, with the right to remove the same at the expiration of the term, and that during the occupancy of the land, it has an estate in the demised premises. In no proper legal sense can the buildings in question here be considered trade fixtures, nor can they be treated as personal property under our taxing statutes.

As to the valuation a different question arises. When the case on appeal came into the court below the proceeding was de novo. A prima facie case was made out by offering in evidence the record of the assessment in the office of the county commissioners together with such data as was before the board of revision, but this only made out a prima facie case, and whether it should be sustained or not, depends upon the evidence produced at the hearing. If the evidence as to valuation be conflicting, some of it sustaining the valuation fixed by the board of revision, the court would be warranted in so holding, but if all the testimony taken at the hearing shows the valuation to be too high, it is the duty of the court to find the facts in accordance with the evidence thus produced. As we read the record, all of the evidence shows that the valuation fixed by the board of revision was too high and clearly it was sufficient to overcome the prima facie case. The law requires that the valuation of real estate for the purpose of taxation shall be determined upon the basis of market value, or rather upon actual value limited and defined by market value: Phila. & Reading Coal and Iron Co. v. County

Com'rs. 229 Pa. 460. This is a statutory requirement and cannot be ignored. It seems to us that the learned court below overlooked this positive rule in determining what was a proper valuation in the present case. Something is said in the opinion of the learned court below about uniformity of taxation, which as a general rule is a controlling principle. It is difficult to give effect to this principle in the case at bar, because there is no other property in the township or county like that here involved, and with which a comparison can be made. The property in question here is taxed as real estate, but there is no other real estate of the same kind in the taxing district, and hence no standard by which to measure its value as compared with the value of other property of like character. In such a case the assessable value must be determined by taking into consideration those elements which give it a market value. Cost value of such a property is not as a rule a proper measure of market value, and under our statutes should not be given controlling effect in ascertaining assessable value. All elements of intrinsic value tending to give the property a market value should be considered, such as machinery, equipment, and permanent improvements, to the extent that they may affect selling price. These elements of value were properly taken into consideration by the witnesses produced at the hearing, but they all fixed the market value much below the valuation ascertained by the Board of Revision. In tax cases, like all others, courts must be guided by the evidence in determining what are proper valuations. In the present case we cannot escape the conclusion that the valuation was fixed without reference to the evidence and for this reason we have concluded to reverse the decree and remit the record for the purpose of having the valuation ascertained upon a proper basis under the law and the facts.

Decree reversed and record remitted with instructions to ascertain the assessable value of the property

in question upon the basis of market value taking into consideration all elements of value which affect selling price. Cost of this appeal to be paid by appellee and in the court below as there directed.