# Delaware, Lackawanna & Western R. R. Co., Appellant, v. Luzerne County Commissioners.

*Taxation—Valuation—Market value—Assessment—Act of March 24, 1905, P. L. 47—Board of assessment—Powers.*

1. The law requires that the valuation of real estate for the purpose of taxation shall be determined upon the basis of actual value, limited and determined by market value.

2. The market value of separate tracts at public sale, after due notice, is the legal basis of determining the assessable value of real estate, and until the legislature changes this method, it is binding not only upon the taxing authorities but upon the courts as well.

3. Under the Act of March 24, 1905, P. L. 47, it is the duty of the subordinate assessors to make assessments and valuations; the powers of the board of assessment are expressly limited to an examination and revision of the valuations returned by the subordinate assessors for the purpose of increasing or decreasing the same, as in their judgment may seem proper, and the board cannot go beyond this except to add taxable property that may have been omitted by the assessors.

*Equity—Jurisdiction—Taxation—Jurisdiction to restrain collection of illegal tax.*

4. Equity has jurisdiction in a proper case to restrain the collection of a tax, but it will only intervene where there is either want of power to tax, or a disregard of imperative constitutional requirements.

5. Where a bill in equity was filed to restrain the collection of a tax, alleging that the assessment upon which the tax was levied was illegal and void, but where it appeared that the taxing authorities had power to make the assessment and levy the tax, and that the irregularities complained of could all be corrected on appeal as provided by law, without the intervention of a court of equity, the court made no error in dismissing the bill.

Argued April 15, 1914. Appeal, No. 137, Jan. T. 1914, by plaintiff, from decree of C. P. Luzerne Co., Oct. T., 1913, No. 24, refusing an injunction in case of Delaware, Lackawanna & Western Railroad Company v. The County Commissioners, the Board for the Assessment and Revision of Taxes for the County of Luzerne, the

516 D., L. & W. R. R. CO., Appellant, *v.* LUZ. CO. COMM'RS.

Statement of Facts—Assignment of Errors. [245 Pa.
Sub-Assessor of Plymouth Township, the Supervisors and the Tax Collector of the Same. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before FULLER, P. J.

From the record it appeared that the plaintiff, the owner of certain tracts of coal land in the Township of Plymouth, Luzerne County, filed a bill in equity complaining that the assessment and valuation upon its coal lands in said township was an unlawful, illegal and void assessment, and by reason of such illegality the taxing authorities and the tax collector ought not to be permitted to collect any taxes thereon for the reason that the subordinate assessor had no part whatsoever in making the assessment, and that the valuation per acre was not determined by a consideration of what the coal lands would separately and bona fide sell for, as required by law, but arrived at on a basis and blanket rate per foot acre, regardless of conditions which would render the coal available or nonavailable, and praying that an injunction be awarded, restraining the tax collector from collecting a tax based upon such illegal and void assessment, and that the assessment be declared illegal and void and stricken from the assessment book.

Other facts appear in the opinion of the Supreme Court.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial judge and the decree of the court.

*Benjamin R. Jones,* with him *Andrew H. McClintock, F. W. Wheaton* and *D. R. Reese,* for appellant.

*William S. McLean, Jr.,* with him *M. J. Mulhall, John T. Lenahan* and *William S. McLean, Sr.,* for appellees.

OPINION BY MR. JUSTICE ELKIN, May 22, 1914:

This bill was filed for the purpose of having the assessment upon which the special tax was levied, declared illegal and void, and to restrain the defendants from proceeding in any manner to collect the tax in question. Equity has power in a proper case to restrain the collection of a tax, but it is a power that should be cautiously exercised, because as a general rule there is an edequate remedy at law. Equity will only intervene in such a case where there is either want of power to tax or a disregard of imperative constitutional requirements: Banger's App., 109 Pa. 79; Gas Company v. Elk County, 168 Pa. 401. In the present case the taxing authorities had power to make the assessment and levy the special tax, and the irregularities complained of can all be corrected on appeal as provided by law, without the intervention of a court of equity. Under all the facts this court does not feel warranted in reversing the decree entered by the learned court below and declaring the assessment illegal and absolutely void. We base our conclusion on the ground that appellant has an adequate remedy at law and that this remedy should be pursued.

This decision must not be understood as an adjudication of the validity of the assessment, nor as an expression of approval of the method adopted by the Board for the Assessment and Revision of Taxes under the Act of 1905. What we do decide is that every question presented for our consideration in the case at bar, can be raised on appeal from the revised assessment under the law. There being an adequate remedy at law, a court of equity should be very slow to extend its restraining arm when by so doing the entire assessment would be stricken down. We assume that appeals are pending, and that the learned court below will have the opportunity of passing upon the merits of the questions raised here when the

518 D., L. & W. R. R. CO., Appellant, *v.* LUZ. CO. COMMR'S.

Opinion of the Court. [245 Pa.

facts are presented on the law side of the court. In this connection it may be proper to remark that all parties concerned should approach the solution of the questions involved in a spirit of equity and fairness, keeping in mind the rules applicable to such controversies as laid down in several recent cases. The law is as well settled as it can be and nothing of value can be added to what has already been said as to the legal and proper method of making assessments. The law requires that the valuation of real estate for the purpose of taxation shall be determined upon the basis of market value, or rather actual value, limited and defined by market value. What the law requires cannot be disregarded no matter how desirable some method not authorized might prove to be: Pennsylvania Stave Company's App., 236 Pa. 97. The proper method of making such assessments was very fully discussed in Lehigh & Wilkes-Barre Coal Company's Assessment, 225 Pa. 272; Philadelphia & Reading Coal and Iron Company v. County Commissioners, 229 Pa. 460; and in several other recent cases. With these cases as a guide there should be no difficulty in adopting the proper method of ascertaining the taxable value. Scientific formulas, arithmetical deductions and mental contemplations, have small value in making assessments under our practical system of taxation. The market value of the separate tracts at public sale, after due notice, is the legal basis recognized by our statutes of determining the assessable value of real estate, and until the legislature changes this method, it is binding not only upon the taxing authorities but upon the courts as well. Nothing contained in the Act of 1905, applicable to Luzerne County, changes the basis of determining assessable value. Under this act the subordinate assessors make the assessments and valuations, and it is made the duty of the board of assessment to "examine and revise the said valuation increasing and decreasing the same as in their judgment may seem to be proper or adding thereto such property or subjects of taxation as

may have been omitted." It will thus be seen that by the express terms of the act the duties of this board are limited to an examination and revision of the valuations returned by the subordinate assessors increasing or decreasing the same as in their judgment may seem proper. Beyond this the board of assessment cannot go except to add taxable property that may have been omitted by the subordinate assessors. The act is too plain to be misunderstood and there should be no difficulty in determining what the board may and may not do. It should be the effort of all parties concerned to fix the valuations upon a legal basis, and when this is done, there will be no occasion for further litigation.

Decree affirmed at cost of appellant.