## Dery's Appeal.

*Taxation—Assessments—Appeals—Valuation—Ratio of assessed value to market value—Evidence.*

1. On an appeal from an assessment for county taxes, a *prima facie* case is made out when the county produces in evidence the assessment books, and the burden is then on appellant to overcome the *prima facie* case and to show that he was aggrieved by the valuation so fixed.

2. In such case, the court is not to equalize assessments upon the basis of a difference in the ratio between market and assessed values existing in a few neighboring tracts; it can take into consideration only the uniform standard of value throughout the county.

3. The court may refuse to reduce the assessment where the appellant has failed to show the average ratio which market value bears to assessed value throughout the county, even though the assessors had agreed to assess properties at 50 per cent. of their market value, if it does not appear whether the meeting of the assessors comprised the assessors of the entire county; and this is especially so where, under appellant's proof, it appears that other properties in appellant's immediate neighborhood were likewise assessed at their market value.

Appeal from county assessment. C. P. Lehigh Co., Jan. T., 1928, No. 129.

*Butz, Rupp & Welty,* for appellant.

*James F. Henninger,* County Solicitor, for county.

RENO, P. J., Dec. 12, 1927.—The Dery property is assessed at $75,000. On appeal, a *prima facie* case was made out when the county introduced in evidence the assessment books and the burden was then on appellant to overcome the *prima facie* case and to show that she was aggrieved by the valuation so fixed: Washington County v. Marquis, 233 Pa. 552; Pennsylvania Stave Co.'s Appeal, 236 Pa. 97; Kaemmerling's Appeal, 282 Pa. 78; Lehigh Valley Coal Co. v. Northumberland County, 250 Pa. 515; Lehigh and Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272.

The appellant did not overcome the *prima facie* case thus established. True, she proved that, prior to making the assessment, the assessors, in meeting assembled, agreed to assess properties at 50 per cent. of their market values, but she failed to show whether the meeting comprised the assessors of the entire county or only of the Borough of Catasauqua. Nor is this item of great value in the determination of the case; for appellant's proof is that, notwithstanding the agreement, other properties in appellant's immediate neighborhood were, as will presently appear, likewise assessed at their market value.

She also produced evidence to the effect that the market value of her property was approximately $33,000 to $35,000. One of the witnesses was the trustee in bankruptcy of her husband's estate, from whom she purchased the property. But he disclaimed knowledge of market values, and the circumstances under which the property was sold in the bankruptcy court were such that the price there secured cannot be accepted as a basis for estimating its

market value: *Cf.*, Kaemmerling's Appeal, *supra*. The other witness fixed the market value at $35,000, but his evidence is opposed to that of the assessor, an older man with twelve years' experience as assessor, and we prefer to rely upon the testimony of the assessor.

She also produced evidence tending to show that other properties in her immediate neighborhood were assessed at figures less than the market value. The evidence upon this point is unsatisfactory. Appellant's witness does not fix the market value of those properties in figures, but compares them with appellant's property and testifies that they are worth more or less than the appellant's home. Of course, upon that basis, we cannot determine the market value of the properties in the neighborhood and cannot ascertain the ratio between the market and assessed value. Moreover, the same evidence shows that some of the properties, notably the Elverson, McKee and Phelan homes, are assessed at the market value. But even if appellant had succeeded in showing that other properties in her neighborhood or in her ward, or even in the borough, had been assessed at less than the market value, we would not be warranted in reducing her assessment. On an appeal, the court is not to equalize assessments upon the basis of a difference in the ratio between market and assessed values existing in a few neighboring tracts. It can take into consideration only the uniform standard of valuation throughout the county: Mineral Railroad and Mining Co. *v.* Northumberland County, 229 Pa. 436; 241 Pa. 339; Scott's Petition, 231 Pa. 311. The comparison is to be made with the generality of property of the same class and not with a single assessment or a few assessments, and appellant having failed to show the average ratio which market value bears to assessed value throughout the county, her appeal fails.

Now, Dec. 12, 1927, the appeal is dismissed; appellant to pay costs.

From Edwin L. Kohler, Allentown, Pa.