In Re: Premises 250 N. Front Street.

Argued October 3, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*A. Walling Levin,* for appellant, cited: P. & R. Coal & Iron Co. v. Northumberland County Commissioners, 229 Pa. 460; Kaemmerlings Appeal, 282 Pa. 78; Appeal of Pennsylvania Co., 282 Pa. 69.

*Theodore F. Jenkins,* Solicitor for School District, and with him *Mayne R. Longstreth,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellees.—An appealing property owner has the burden of showing that the assessment is excessive: Lehigh & Wilkes-Barre Coal Co. v. Co., 225 Pa. 272; Lehigh Valley Coal Co., 250 Pa. 515.

Opinion by Baldrige, J., December 16, 1933:

This appeal is from an assessment of premises, known as No. 250 North Front Street, Philadelphia, for taxation for 1931. There is no serious disagreement on the questions of law involved, as it is not disputed that property shall be assessed upon the basis of market value: Lehigh & Wilkes-Barre Coal Co.'s Assmt., 225 Pa. 272, 74 A. 65. The determination of the question before us, therefore, is principally one of fact.

The premises consist of a lot with a frontage of 25 feet 9½ inches, extending back in depth 149 feet 8 inches, having thereon erected a three-story brick building used as a warehouse. The ward assessor fixed a value of $17,000 for taxation purposes. Two assessors of the district affirmed this action, the board of review on appeal ratified the assessment, and it was sustained by the learned court below.

The testimony disclosed that the present owner

bought this property in 1923 for $31,000, which was a fair price considering the general market price in the neighborhood at that time. In 1926 the owner mortgaged the premises for $20,000. There was evidence that on the Monday preceding the day the case was heard before the court the owner asked $25,000. The city's three expert witnesses, called in behalf of the appellee, fixed the valuation from $17,500 to $18,625. Although the hearing before the court is de novo, the assessment is presumed to be fair, and the burden of showing that it is excessive is on the appellant: P. & R. C. & I. Co. v. Northumberland Co. Commrs., 229 Pa. 460, 79 A. 109; Kaemmerling's App., 282 Pa. 78, 127 A. 439; DuBois' App., 293 Pa. 186, 142 A. 134.

Appellant contends that the court below was guilty of abuse of discretion in sustaining an excessive valuation; and emphasized the fact that the valuation of the neighboring property, Nos. 252-254 North Front Street, was fixed at $9,500 by the court in an appeal that was heard the same time as the present case. The latter sum was decided upon because that property was sold in 1930 at a bona fide sale for the same amount. The court's view was that in so far as that particular property was concerned, the selling price, under section 4 of the Act of May 15, 1841, P. L. 393 (76 PS §5101), was controlling: Kaemmerling's App., supra. Nos. 252-4 had more ground and had been assessed at a higher value than No. 250; but there was testimony that the improvements were not as valuable. In that connection the court said: "Petitioner thinks there is an inconsistency between the court's valuation of the property in question and its valuation of the neighboring lot. We do not think there is any inconsistency, but even if there were it does not follow that the value put upon No. 250 is wrong. It may be that No. 252 is too low." The court was of the further opinion, and it was based on competent evidence, that the sale of Nos. 252-4 was not an

accurate criterion of the general market value of the property in that neighborhood. It was owned by a Chicago corporation, which was anxious to get out of that locality and willing to sell for the value of the land alone. The city's experts appraised the building on No. 250 from $10,400 to $11,500. The improvements, therefore, were of important consideration in determining the market value. The selling of a lot for the valuation of the ground, for the owner's individual purposes, without considering the worth of the improvements, does not necessarily fix the market value of other properties in that immediate neighborhood, with valuable buildings thereon erected.

We have taken into consideration all of the facts and circumstances, but do not find there has been unjust imposition by an excessive appraisement.

The decree is affirmed at the cost of the appellant.