## Market Street National Bank et al. *v.* Huff et al., Appellants.

Argued April 23, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Isaac S. Grossman,* for appellants.

*C. B. Wagoner,* with him *C. S. Wesley* and *John J. Sullivan,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, June 29, 1935:

This is a proceeding under the Act of January 17, 1934, P. L. 243, known as the Deficiency Judgment Act, to fix the fair value of property sold under execution. The court fixed the fair value of the property at $28,727 and the amount of the deficiency judgment at $17,143.33. From this action the defendants in the execution appeal.

Two questions are presented. It is argued that, defendants having requested a hearing before a master, one should have been appointed, and the hearing should have been held before him. The answer to this contention is that the act provides that the hearing may be either before a judge or a master: "Such petition shall be heard by a judge of such court sitting without a jury, or may, by rule adopted by such court, be referred to a master for hearing and determination, subject to confirmation by the court." It is far better that hearings should be conducted by the court where possible.

Appellants' second proposition is stated as follows: "Taking judicial notice of the national emergency, the fair value under the act is not the market price or market value, but the just, equitable and reasonable worth of the property, taking under consideration the potential or future value thereof." Just who would be qualified to give a credible opinion on such a basis is not pointed out; and if any one could be found who would hazard an estimate, how in the exercise of sound judgment and common sense any conclusion could safely be based on it is difficult to comprehend. When the act speaks of "fair value at the time of sale," it means what it says, namely, fair market value at the time of the sale, as fixed by men competent and qualified to express an opinion, not a surmise based on a future which no man can possibly forecast, and upon factors imagined and not now existing. There can be no other fair value except fair market value. Any

other would not be fair, but speculative. The judge who determined the fair value based it upon the testimony of duly qualified witnesses. All proceedings in court looking to the fixing of real estate values must have such a foundation. The appellants called no witnesses and did not attempt to controvert the values given by those summoned by appellees. In 25 C. J., page 432, cases are cited which define the terms "fair valuation" and "fair value" as: "The present market value"; "such sum as the property will sell for to a purchaser desiring to buy, the owner wishing to sell"; "such a price as a capable and diligent business man could presently obtain from the property after conferring with those accustomed to buy such property"; "the amount the property would bring at a sale on execution shown to have been in all respects fair and reasonable"; "the fair market value of the property as between one who wants to purchase and one who wants to sell the property."

It is asserted that the act does not authorize the judge to fix a deficiency judgment. This was the very purpose of the act. It provides: "In the event that the fair value so determined is greater than the price for which the property was sold, the amount of such fair value shall be deducted from the amount of the judgment, interest and costs, and a deficiency judgment entered for the balance."

The decision of the Supreme Court of the United States on the Minnesota Mortgage Moratorium Law (Home Bldg. & Loan Assn. v. Blaisdell, 290 U. S. 298), cited by appellants, has no bearing on the controversy in hand. It passes upon a moratorium law, not one covering the entry of a judgment.

We have not considered the constitutionality of the act before us, as that question was not raised.

The decree is affirmed at appellants' cost.