## Sailer's Appeal.

Argued October 9, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Palmer Watson,* for appellant.

*Irvin A. Winegrad,* with him *John J. Elcock,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellee.

OPINION BY BALDRIGE, J., December 11, 1935:

This appeal is from an assessment of $23,000 by the board of revision of taxes on premises 229 West Walnut Lane, Philadelphia, for the year 1934, which was sustained by the court below.

The property in question was advertised for sale at a cost of $500 to $525 by Samuel T. Freeman, an auctioneer, through the medium of newspapers, circulars, etc. The advertisement stated that the property would be sold free of mortgages, and that fifty per cent of the purchase price could remain on a mortgage against the premises. A number of people went through the property, which was open for inspection, and eighty persons were present at the sale. The property was sold, May 25, 1933, to the highest of three or four active bidders for the price of $10,300, so that, here, as in Kaemmerling's Appeal, 282 Pa. 78, 127 A. 439, the sale was fairly conducted after extensive notice had been given to the public. The owner of the property was at the time living abroad, but there is no evidence that it was other than an ordinary business transaction—a sale by one not forced to sell, to a willing buyer. The uncontradicted testimony is that there was no change in the market value of real estate from the date the property was sold until the assessment was made five or six months thereafter.

The Act of May 15, 1841, P. L. 393, §4 (72 PS §5101), required the assessors to value all objects of taxation, "according to the actual value thereof, and at such rates and prices, for which the same would separately bona fide sell." The courts have frequently held that under this statute the assessor is required to assess property

on the basis of "market value," and have clearly defined that term.

In D., L. & W. R. R. Co. v. Luz. Co. Commrs., 245 Pa. 515, 518, 91 A. 889, the court said: "The law is as well settled as it can be and nothing of value can be added to what has already been said as to the legal and proper method of making assessments. The law requires that the valuation of real estate for the purpose of taxation shall be determined upon the basis of market value, or rather actual value, limited and defined by market value. What the law requires cannot be disregarded no matter how desirable some method not authorized might prove to be." In Lehigh & Wilkes-Barre C. Co.'s Assessment, 298 Pa. 294, 300, 148 A. 301, Mr. Justice KEPHART, speaking for the court, said: "Ordinarily, by 'fair market value' is meant the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied." In Penna. Stave Co.'s Appeal, 236 Pa. 97, 103, 84 A. 761, the court said that the requirement of the law, that the valuation of real estate for the purpose of taxation shall be determined upon the basis of market value (In re: Baldwin Appeal from Decision of the Board of Tax Revision, 320 Pa. 31, 181 A. 446), "cannot be ignored." See, also, In re: Premises 250 N. Front Street, 110 Pa. Superior Ct. 605, 169 A. 444.

The only testimony offered upon the part of the appellee was that of a real estate expert, who said that he valued the property at $26,975, basing that figure on its frontage and the number of square feet in the building; but he knew of no other sales in the neighborhood, and, therefore, his valuation was not determined by a sale—the best criterion of market value, but simply on his opinion, which cannot prevail in the face of existing facts. "Scientific formulas, arithmetical de-

ductions, and mental contemplations, have small value in making assessments under our practical system of taxation": D., L. & W. R. R. Co. v. Luz. Co. Commrs., supra (245 Pa. 515, 518).

Doubtless, the market value of the property in this neighborhood, as practically all property, is depressed at the present time, but that does not warrant the fixing of a market value which does not exist. If, hereafter, prices of real estate are enhanced, which is the hope entertained by all, assessments can be readjusted; but, at the present time, assessments are compelled to be made in accordance with the mandates of the law.

The appellee has cited Westbury Apts., Inc., Appeal, 314 Pa. 130, 170 A. 267; 222 S. Nineteenth St. Corp. Appeal, 314 Pa. 132, 170 A. 266; Edmonds' Appeal, 314 Pa. 382, 172 A. 103; East Side Land Co.'s Appeal, 315 Pa. 458, 173 A. 283; Girard Trust Co. v. Fell et al., 315 Pa. 459, 173 A. 284; but in none of those cases was there evidence of a sale, and, therefore, they do not rule this case.

The learned court below did not give us the benefit of an opinion. Apparently he refused to accept the best test recognized of market value, to wit: a sale, and fixed a market value which we think was not warranted by the evidence. As in Kaemmerling's Appeal, supra (282 Pa. 78, 83), he "refused to consider as evidence the price paid for the property by the purchaser, but this deduction [that sale was colorable] is not justified by the record ...... Though findings of fact made below are as binding on this court as would be a verdict of a jury, where there is evidence to support the conclusions reached, yet if not based on proper proofs (McConville v. Ingham, 268 Pa. 507 [112 A. 85]), or if they merely gave expression to an inference or deduction from that offered, no such effect follows: Gongaware's Est., 265 Pa. 512 [109 A. 276]; Miller's Est., 279 Pa. 30 [123 A. 646]."

The decree of the lower court is reversed, and the record is remitted in order that a reduced valuation may be made in accordance with the views expressed in this opinion; costs in this appeal to be paid by the appellee.