Ryan *v.* Kirk, Appellant.

198

Argued March 19, 1962. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and O'Brien, JJ.

*Hillard Kreimer,* with him *Bernard Goodman, Stuart Seiavitch,* and *McCrady & Kreimer,* for appellant.

*Walter M. Newman,* with him *Wayland S. Bowser, Marshall J. Conn,* and *Ryan, Newman, Geer and Goldring,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 17, 1962:

This is an appeal from an order of the Court of Common Pleas of Allegheny County, adjudicating appellant, Wallace E. Kirk, an insolvent within the meaning of the Insolvency Act of 1901 (Act of June 4, 1901, P. L. 404, 39 PS §§1-154) (Act) and appointing a receiver for his insolvent estate.

The proceedings in the court below were instituted by appellee, Tice F. Ryan, Jr., a creditor of appellant, in accordance with the provisions of the Act.[1] Upon notice to appellant, the court below, in accordance with the Act (39 PS §33), entered a rule upon him to show cause why a receiver should not be appointed. Appellant filed an answer, and a hearing was held by the court below.

At the hearing, appellee introduced, and over the objection of appellant the lower court admitted in evi-

---

[1] The relevant portions of this Act provide: "Any creditor of an alleged insolvent may, in the court of common pleas of the county where the alleged insolvent resides or his principal place of business is situate, by petition, under oath, aver that such person, persons, firm, limited partnership, joint-stock company or corporation is insolvent, has not made an assignment for the benefit of his, their or its creditors, is resident or is carrying on business in said county; and: (1) Has called a meeting of his creditors for the purpose of compounding with them, or has exhibited a statement showing his inability to meet his liabilities, or *has otherwise acknowledged his insolvency;* or . . . (8) *Has made* any pledge, assignment, transfer, conveyance or *encumbrance* of the whole or a large part of his stock in trade or property, without being able to meet his liabilities and without the consent of his creditors, either in payment of or as security for a debt then existing, or with the intent to prefer one creditor to another, or out of his usual course of business, or *for the benefit of himself or family.*" (Emphasis supplied). (39 PS §31).

dence, a deposition of appellant taken in a prior action brought against him by another creditor. Appellee introduced this deposition as appellant's admission of his insolvency. Other evidence adduced at the hearing regarding appellant's alleged insolvency indicated: that appellant owed over $76,000 to his creditors including a judgment for nearly $9,000 obtained by appellee; that appellant's only assets consisted of used mining and industrial machinery and equipment which he had been unable to sell for a period of several years; and that while so indebted and without consent of his creditors, appellant encumbered all of these assets by executing and recording a chattel mortgage to his wife, as security for his indebtedness to her in the sum of over $35,000.

On the basis of the pleadings and the aforementioned evidence, the lower court, after determining that appellee had established an act of insolvency, made absolute the rule which had issued, adjudicating appellant as an insolvent and appointing the receiver. This appeal followed, raising three questions for our consideration.

Appellant contends initially that the lower court committed reversible error by admitting as substantive evidence, in contravention of the provisions of Pa. R. C. P. 4020,[2] the deposition taken in the prior proceedings.

---

[2] The pertinent portions of this rule state: "Rule 4020. Use of Depositions at Trial. (a) At the trial, any part or all of the depositions, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if required, in accordance with any one of the following provisions: . . . (2) The deposition of a party or of any one who at the time of taking the deposition was an officer or director of a party may be used by an adverse party for any purpose. . . . (b) Substitution of parties does not affect the right to use depositions previously taken; and when an action has been dismissed and another action involving

The right to use a deposition in a subsequent action is limited to those instances where there is such identity or privity of parties and subject matter that the second action is deemed the same as the first. *America Trust Co. v. Kaufman,* 287 Pa. 461, 135 Atl. 210 (1926). See also 5 Anderson, Pa. Civ. Pract., pp. 759-760 (1951), and 4 Goodrich-Amram, §4020(b)-2, pp. 459-462 (1954). While the plaintiff in the present case and in the action in which the deposition was taken differ, and although the prior proceeding was brought in order to determine the availability of assets for execution while the purpose of the current litigation is the appointment of a receiver, the lower court properly admitted in evidence the deposition in question.

Both appellee and plaintiff in the prior action are members of the same class—unpaid creditors of appellant. Similarly, there exists the requisite identity of subject matter between the two proceedings. Both litigations revolve around the financial condition of the appellant, including his ability to fulfill his obligations to creditors and the existence of assets with which to satisfy the respective claims. Each action constituted an attempt by the creditor to secure his interest against the appellant's property.

Moreover, the deposition in question is not that of a witness but that of a party, the appellant, who was the defendant in both actions. Appellant had sufficient opportunity to counteract the possible detrimental effects of the deposition which was introduced as an admission against interest. We will not restrict the use of a deposition in a subsequent proceeding more than is required by a reasonable interpretation of Pa.

the same subject is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor."

R. C. P. 4020(b). See generally, *Grantham v. Goetz,* 401 Pa. 349, 164 A. 2d 225 (1960), and *Feldman Unemployment Compensation Case,* 186 Pa. Superior Ct. 452, 142 A. 2d 161 (1958).

Accordingly, we hold that appellant's deposition in which he admits there is no market for his machinery and equipment, his sole assets, constitutes an act of insolvency under §7(1) of the Act, 39 PS §31, since, thereby, the debtor "has otherwise acknowledged his insolvency."

Even were this not the case and the deposition were inadmissible, appellee has proven an act of insolvency. Appellant's execution of the chattel mortgage to his wife, who was a substantial creditor, covering all his assets was an encumbrance made for the benefit of himself or his family in contravention of §7(8) of the Act, 39 PS §31.

This leads us to appellant's second contention; to wit—that notwithstanding the commission of an alleged act of insolvency, he is not in fact insolvent within the meaning of the Act of 1901, §41. The relevant portion provides: "A person shall be deemed insolvent, within the provisions of this act, whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not at a fair valuation be sufficient in amount to pay his debts." (39 PS §32).

The execution of the chattel mortgage encumbered all of the marketable assets of appellant and left him completely denuded of any property with which he could pay off his creditors. Appellant contends, however, that the true valuation of his property, i.e., the machinery and equipment, was in excess of his obligations. That this contention is patently erroneous is proved by an application of the proper standard for establishing value.

In determining fair valuation under the Act, as under the Federal Bankruptcy Act (11 U.S.C.A. 1(15)), the test is not what appellant's property might have brought in a favorable market under business conditions of a departed era. The test is the amount of cash which these assets would have brought on a fair sale at the time when the alleged act of insolvency is committed. It is the actual, rather than the theoretical condition of the debtor which is determinative. *Johnson v. Land Title & Trust Co.*, 329 Pa. 241, 198 Atl. 23 (1938). Other criteria frequently utilized for determining "fair valuation" and "fair value" are: "The present market value"; "such sum as the property will sell for to a purchaser desiring to buy, the owner wishing to sell"; "such a price as a capable and diligent business man could presently obtain from the property after conferring with those accustomed to buy such property"; "the amount the property would bring at a sale on execution shown to have been in all respects fair and reasonable"; "the fair market value of the property as between one who wants to purchase and one who wants to sell the property." *Market Street National Bank v. Huff*, 319 Pa. 286, 288, 179 Atl. 582 (1935). See also *Brooks Building Tax Assessment Case*, 391 Pa. 94, 137 A. 2d 273 (1958).

Since, according to appellant's own admission, there was no market whatever for his equipment at the time the alleged insolvency occurred, his property having but nominal worth, his contention that he is not insolvent within the meaning of the Act is specious.

Finally, as his third assignment of error, appellant challenges the propriety of the appointment of an attorney for one of appellant's creditors as the receiver, maintaining that he is not a "disinterested person" under the Act, §8, 39 PS §35. Initially, we must observe this question is not properly before us since appellant neither raised it in the court below, nor took exceptions

to the appointment of the person in question as receiver. As a legal proposition, moreover, we do not agree with appellant's contention that the fact that the attorney represented a creditor, or was the attorney who took the deposition in issue here, disqualifies him as an interested person. Indeed, as a matter of practice, it is by no means uncommon to find an attorney for one of the creditors in the capacity of receiver—such as is the case here. His prior representation on behalf of an individual creditor cannot, in and of itself, be said to prevent him now from fulfilling properly his responsibilities to the court in his fiduciary capacity. We find nothing objectionable in the appointment of the receiver in this action.

Order affirmed.