**Weintraub v. PennDOT**

*Marc Weinberg,* for plaintiff.

*James R. Ingram, deputy attorney general,* for the Commonwealth.

RUFE, *J.,* December 8, 1983—This matter is presently before the court on plaintiffs' post-trial motions. After a three-day jury trial before the undersigned, commencing on January 26, 1983, the jury returned a verdict in favor of defendant.

This case arises out of an automobile accident which occurred on December 9, 1976 in Bristol Township, Bucks County. On that date, plaintiff Alice Weintraub was a passenger in an automobile driven by Miriam Rosenthal. At approximately 5:20 p.m. the Rosenthal vehicle, which was traveling in the left lane of northbound Route 13, collided with a pickup truck operated by George Still, an employee of Arzee Excavating and Rentals. At the time of the accident it was dark and the Rosenthal vehicle was proceeding on Route 13 with only its parking lights on.

The precise location of this accident was an opening on the median strip running from Beaver Dam Road to Greenhill Road directly in front of Arzee Excavating and Rentals.

As a result of this accident, Mrs. Weintraub sustained injuries to her right hip, right knee, left wrist and nose.

Plaintiffs' first assignment of error concerns the admission into evidence of the deposition of George Still. We find that the admission of Mr. Still's deposition was clearly appropriate.

Pa.R.C.P. §4020(a)(3) states:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

(d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena."

In an effort to procure the attendance of George Still at the trial, defendant secured the services of a process server to serve a subpoena on Mr. Still. This process server was hired seven days prior to the date of trial.

The process server first attempted to serve the subpoena at the last know address of Mr. Still. Mr. Still was not present. Mr. Still's wife answered the door and indicated that George Still no longer lived there. Mrs. Still further stated that she was separated from Mr. Still and that, pursuant to a separation agreement, Mr. Still was responsible for certain monetary obligations to her. It was Mrs. Still's belief that because of these financial obligations Mr. Still had an incentive to stay away from home and to avoid her.

The process server then secured another address from Mrs. Still regarding her husband's whereabouts. Mr. Still was not at this location either. There was a telephone number listing for this address which the process server attempted to dial. This particular number was out of service. At this point the attempt to locate Mr. Still regarding his attendance at trial was ended.

It is incumbent on the proponent of a deposition at trial to show the unavailability of the witness or the exercise of due diligence on his part in attempting to locate the witness. Jerominski v. Fowler, Dick and Walker, 377 Pa. 458, 105 A.2d 320 (1954).

We are satisfied that defendant exercised due diligence in attempting to locate Mr. Still. We are further satisfied that, because of his efforts to conceal his whereabouts, Mr. Still was unavailable to testify at trial.

Pa.R.C.P. §4020(b) states:

"Substitution of parties does not affect the right to use depositions previously taken; and, when an action has been dismissed and another action involving the same subject is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therein."

We are aware of the dearth of case law concerning Pa.R.C.P. §4020(b), but we feel that the holding of Ryan v. Kirk, 407 Pa. 193, 180 A.2d 55 (1962), offers guidance in deciding the case presently before us.

In Ryan v. Kirk, supra, Ryan, a creditor of Kirk, sought a determination of the insolvency of Kirk. At the hearing, Ryan introduced and the lower court admitted into evidence a deposition of Kirk taken in a prior action brought against him by another creditor. Ryan introduced this deposition as Kirk's admission of his insolvency.

On appeal, Kirk contended that the lower court committed reversible error by admitting the aforesaid deposition. The Supreme Court of Pennsylvania disagreed.

The Supreme Court of Pennsylvania noted that the right to use a deposition in a subsequent action is limited to those instances where there is such identity or privity of parties and subject matter that the second action is deemed the same as the first. The Supreme Court held, however, that while plaintiff in the present action (Ryan v. Kirk, supra) and

plaintiff in the action in which the deposition was taken differ, and although the prior action was brought concerning the availability of assets for execution while the purpose of Ryan v. Kirk, supra, concerned the appointment of a receiver, the lower court properly admitted the deposition.

The Supreme Court reasoned that they would "not restrict the use of a deposition in a subsequent proceeding more than is required by a reasonable interpretation of Pa.R.C.P 4020(b)." Ryan v. Kirk, 407 Pa. 193, 201-202, 180 A.2d 55, 57 (1962). Both Ryan and plaintiff in the prior action were members of the class of unpaid creditors of Kirk. Further, the Supreme Court felt that the requisite identity of subject matter between the two proceedings existed. Both litigations revolved around the financial condition of Kirk.

We feel that by applying the rationale utilized in Ryan v. Kirk, supra, the deposition of Mr. Still was properly admitted.

The present case involves a suit by plaintiffs against the Pennsylvania Department of Transportation (hereinafter PennDOT) for the alleged negligence of PennDOT in designing a particular highway. Plaintiffs seek compensation for damages as a result of an accident which occurred on this highway, Route 13. The prior case in which Mr. Still's deposition was obtained involved the same plaintiffs and the same accident on the same highway. Similarly, this prior action involved a negligence claim. This negligence claim was against Mr. Still, his employer and Mrs. Rosenthal. This claim ended in a monetary settlement. This settlement was in compensation for the injuries plaintiffs sustained as a result of the accident which occurred on Route 13; the very same injuries plaintiffs now seek recovery for from PennDOT.

It is clear that plaintiffs in both actions are the same. Defendants are decidedly in the same class, as both are alleged tortfeasors in the same two-car accident. Further, the same accident is involved in both suits. Moreover, the negligence claims in each suit derive from the same set of operative facts.

Applying a reasonable interpretation of Pa.R.C.P. §4020(b), it is clear that the deposition offered by defendant qualifies for admission under Pa.R.C.P. §4020(b).

Plaintiffs' second assignment of error concerns defendants' requested points for charge (nos. 11-15). Plaintiffs assert that these points for charge overemphasized the negligence of the two drivers in this accident and that the trial court erred in reading these points to the jury.

We disagree. It is the duty of the trial judge to crystallize issues raised by the litigants and to explain the relevant principles of law. Hrivnak v. Perrone, 472 Pa. 348, 372 A.2d 730 (1977). Reading the jury charge as a whole, we are satisfied that the charge neither overemphasized the negligence of Mr. Still and Mrs. Rosenthal, nor confused the members of the jury.

The Commonwealth's theory of defense was that plaintiff's injuries resulted from the negligence of both drivers in operating their respective motor vehicles. For the jury to fully understand the legal consequences of the drivers' actions, it was necessary for the trial judge to charge the jury on pertinent provisions of the Motor Vehicle Code. It was also necessary for the trial judge to clarify the issues presented by both plaintiffs and defendant. We find that defendant's points for charge, nos. 11-15, are consistent with the Commonwealth's theory of defense and are also consistent with the evidence addressed at trial, therefore, the charge was proper.

Plaintiffs final assignment of error states that after the trial judge received the first question from the jury, reversible error was committed by not immediately bringing the jury back and instructing them that comparative negligence was totally irrelevant and that the jury should not consider it for any reason.

The jury's first question read:

"If decision is made that the drivers were 55 percent at fault (or bore major portion of fault) that this absolves the state completely and no damages can be awarded."

The undersigned responded to the jury with:

"The jury will note that I did not give any instructions on what is known as 'comparative negligence.' You should not consider this doctrine at all.

I call your attention to my instructions on concurrent causes, and the requirement that such causes must be a 'substantial contributive factor' in causing the accident in order to establish liability."

The jury's first question was submitted to the trial judge within two minutes after the judge's initial charge was given. Therefore, it was not necessary to bring the jury back and reinstruct them. The note from the undersigned was crystal clear on its face and instructed the jury *not* to consider "comparative negligence" at all. The note also called attention to the instructions on concurrent causes. Considering the brief time factor involved, a note, as opposed to bringing the jury back, was more than appropriate in alleviating any confusion in the jury's mind.

The jury later had a second question concerning the explanation of the "Scales of Justice" analogy given in the jury charge. The trial judge, once again, responded appropriately and called the jury back and instructed them on the standard burden-of-proof jury charge.

We hold that the manner in which the undersigned disposed of the jury's two questions was appropriate and did not confuse the jury in any way.

## ORDER

And now, this December 8, 1983, it is hereby ordered and decreed that the post-trial motions of plaintiffs are dismissed and denied.