Feldman Unemployment Compensation Case.

Argued March 17, 1958. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Irving R. Feldman,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

Opinion by Hirt, J., June 11, 1958:

For a period of about 6 months this claimant had been in the employ of Simmon B. Clarke, an insurance broker, doing business as Clarke & Cohen. Claimant's work was that of a fire loss adjuster for Clarke who represented the insurers. In this Workmen's Unemployment Compensation case there is no serious dispute as to other facts which are reflected in findings clearly stated in the board's opinion to this effect. "2. During the absence of the owner of the business, who was on an extended vacation, claimant on or about February 27, 1957, stated to the owner's sister, who was the office manager, that he intended to take a two weeks' vacation. The office manager stated she could not grant such permission because she had no authority and that the claimant should stay on the job un-

til the owner's return because his presence during the owner's absence was necessary. 3. At the close of business on March 1, 1957, claimant still insisted he was starting his vacation for two weeks since he had been promised by the owner that he could take his vacation whenever he desired. The office manager again reiterated that she could not grant him permission to be away on vacation while her brother was away and that if he insisted on leaving he could not return to work until he first saw her brother, the owner, who each knew would not return from his vacation for several weeks. In spite of these warnings the claimant left on his vacation on March 1, 1957. 4. Claimant reappeared at the employer's establishment on March 18, 1957 and was again told by the office manager that her brother was still away as the claimant knew, and that she could not allow him to return to work until the owner returned. The claimant never thereafter attempted to return to work."

On the above findings the referee had concluded that the failure of claimant "to contact the employer must be construed as an abandonment of his employment" and "Since there was no compelling or necessitous reason therefor, the Referee holds that the claimant must be disqualified from receiving benefits within the meaning of Section 402(b) of the Law." On his appeal to the board claimant asserted that the decision that he had quit his employment was erroneous. He further contended that at the close of the second hearing before the referee held on June 7, 1957, it was his understanding that there would be an additional adjourned hearing before the referee to be attended by his employer Clarke. And he complained that the referee's decision issued before the hearings were properly concluded. The board thereupon remanded the record to the referee for further hearing and testimony

"for consideration, review and such further action as the Board of Review may deem proper." Clarke did not appear at the remand hearing before the referee; his counsel stated that "He did not desire to come in and desired to stand on the testimony as it was." In the meantime this claimant had brought an action in assumpsit against Clarke in the common plea of Philadelphia for wages, commissions and expenses, allegedly due him under the same contract of employment which was before the unemployment compensation authorities in the present case. In that action a material fact to be determined was the nature of claimant's severance from his employment. On that question Clarke, in a deposition read into this record testified: "Q. Do you consider Mr. Feldman discharged? A. I sure do." This unambiguous statement of Clarke, is evidence that he ratified the action of his office manager who barred claimant from his previous employment when he presented himself after he returned from his vacation. The board disregarded Clarke's testimony quoted above from his deposition on the view that it was inadmissible in this proceeding. This was error and the conclusion of the board that claimant voluntarily left his work without good cause will be set aside.

The proceeding must be remanded to the board for further hearing and redetermination. An important fact to be determined will be whether claimant had an understanding with his employer that he could take his vacation *at any time*. If he had that right, the office manager could not attach as a condition to his return to his job, that he first report to Clarke. The issue will be whether claimant abandoned his employment, and forfeited his right to benefits under §402(b) or, if he was discharged, whether "his unemployment is due to willful misconduct connected with his work" rendering him ineligible under §402(c) of

the Act, 43 PS §802. On this issue the testimony of Clarke, his employer will be essential; his attendance should be compelled.

Order set aside and the record is remanded for further proceedings consistent herewith.