## France Unemployment Compensation Case.

Argued April 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Henry A. Hudson, Jr.,* with him *Behrend, Phillips & Hudson,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 17, 1965:

In this unemployment compensation case the compensation authorities all denied benefits to the claimant concluding that his unemployment was due to a discharge for willful misconduct in violation of §402(e) of the Unemployment Compensation Law, 43 P.S. §802 (e).

The claimant, John I. France, was last employed as a truck driver by the McKinney Drilling Company, Monroeville, Pennsylvania, on March 6, 1964. He was so employed by this company for six years and earned $2.50 per hour.

The findings of fact disclose:

"2. The claimant, just prior to his last day of work, was given specific instructions to unload a truckload of pipes at the Sears-Roebuck Company on Roosevelt Boulevard in Philadelphia, Pennsylvania, next to two drilling rigs and a crane where the employer had been working.

"3. The claimant did not unload the pipe at the site that he was instructed to unload it.

"4. The employer was put to great expense as a result of the claimant's negligence because the entire work force was unable to continue its job and because

the pipe had to be picked up and moved to the correct location.

"5. Subsequently, when the employer interrogated the claimant as to the reason for the incorrect delivery, he replied that he had no excuse whatsoever.

"6. During the course of this conversation, the employer suggested to the claimant that if he were unhappy working for this employer, he should seek another job, whereupon the claimant told the employer to fire him.

"7. As a result, the employer told the claimant that he can consider himself fired.

"8. Claimant had a previous history of indifference to specific instructions about which he had been warned and reprimanded."

These findings of fact are supported by competent evidence and are binding on this reviewing court. The record shows that it was easy for anyone to see the equipment which was more than 50 feet high so that his actions were clearly intentional disregard of his duties in taking the easier way of unloading at Sears-Roebuck parking lot even if we were to believe some of the excuses he put forward such as the time of night and weather conditions. The record also shows that on several prior occasions when given direct orders of delivery he was late in arriving with the deliveries because he overslept. He was not a neophyte in the drilling and rigging business having been a truck driver for more than six years and knew or should have known the importance of delivering heavy material as close to the job site as possible because of the increased cost of rehandling. There was a conflict of testimony but the credibility of witnesses is for the compensation authorities, who are not required to accept even uncontradicted testimony as true. *Lavely Unemployment Compensation Case*, 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352 (1948).

The actions of this employee fell well within the judicial definition of willful misconduct as an intentional disregard of the employer's interest, a disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence in such a degree as to show an intentional substantial disregard of the employer's interest or the employee's duties or obligations to the employer. *Hohnstock Unemployment Compensation Case,* 196 Pa. Superior Ct. 500, 175 A. 2d 167 (1961); *Curran Unemployment Compensation Case,* 181 Pa. Superior Ct. 578, 124 A. 2d 404 (1956).

Decision affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

It is true that ordinarily the findings of the Unemployment Compensation Board are binding upon us. In this case, however, I believe that the Board's findings are not properly predicated upon credible evidence; they are, rather, deductions and inferences which are inconsistent with the actual factual situation. It is clear to me that claimant's mistake was not wilful or done in deliberate contravention of his employer's directions.