Opinion by
Watkins, J.,
These appeals are from decisions of the Unemployment Compensation Board of Review denying benefits to appellants under Act of December 17, 1959, P. L. 1893, §401, §4(u) and §404(d), as amended, of the Unemployment Compensation Law, 43 PS §§753, 801, 804.
The Bureau of Employment Security denied benefits. Appellants appealed. The Referee reversed and allowed partial benefits. The company appealed and the Unemployment Compensation Board of Review reversed the Referee and denied all benefits. The Board made the following findings of fact:
“Claimant is employed by Liberty Mirror Division, Libbey-Owens-Ford Glass Company, Braekenridge, *114 Pennsylvania and his last day of work, for the purpose of this hearing was June 24, 1966 on which day claimant had a valid separation.
“Claimant is a member of the United Glass and Ceramic Workers of North America, AFL-CIO-CLC, Liberty Mirror Local Union Number 33.
“Claimant’s working conditions are governed by a Labor-Management Agreement between his Union and the employer.
“The Labor-Management Agreement contains a section governing vacation for hourly employees. Claimant is an hourly employee. The vacation section in the Labor-Management Agreement reads in part as follows:
“12. Vacation por Hourly Employees. The Company will give each employee a vacation with pay sometime between the dates of January 1 and December 31 of each year based on previous service and conditions as outlined below: . . .
“When a department is closed down, all employees affected will receive their vacation bonus along with their regular check. This will not preclude any employee so affected from requesting a vacation at some other time during the vacation period.
“The company will endeavor to comply with the employees’ vacation requests, but vacation scheduling must not interfere with plant operations. In either case, a reasonable advance notice should be given.
“All employees who have not received their vacation prior to July 1 of each year, will receive their vacation bonus on the last pay day in June.
“All vacation bonuses will be given when an employee takes his vacation, unless he has previously received same as outlined in preceding paragraph.”
These findings of fact of the Board, if supported by the evidence, are binding upon this Court. France Unemployment Compensation Case, 205 Pa. Superior Ct. 505, 211 A. 2d 85 (1965).
*115 The evidence amply supports the findings in that the bargaining agreement and the historical application of the section dealing with vacations supports the company’s authority to designate the plant or department shutdown period as the vacation period, even though the company subsequently allowed time off from work without pay when requested by employees if the production schedule was not unduly jeopardized.
The appellants, however, were entitled to just one week vacation and the shutdown covered a two week period. As was held in the Piestrak Unemployment Compensation Case (Susquehanna Collieries Division), 404 Pa. 527, 172 A. 2d 807 (1961) :
“. . . First, as noted above, absence from work because of a plant shutdown for vacation does not automatically make an employee ineligible either as voluntary quit or as being unavailable for suitable work. Of course, his availability may still be questioned on an individual basis . . .
“We agree with the Superior Court’s prior holding that the last of these standards must be given a reasonable interpretation. Otherwise, the receipt of a few dollars as vacation pay would serve to make the recipient totally ineligible for benefits, a result which we can not attribute to the legislature. We conclude further that the receipt of vacation pay is to be allocated to an actual vacation period and to be allocated within such period as the Department provides by its regulations; . .
The Bureau designated the first week as the vacation week for appellants in accord with its regulations, and the appellants, through their own statements, in: dicated their absence from their labor market area as their unavailability for work so as to render them ineligible for benefits during the second week of the vacation shutdown.
Decision affirmed.