Lipshutz *v.* Unemployment Compensation Board of Review.

Argued January 11, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Raymond J. Porreca,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 5, 1973:

In this appeal we are to determine whether it was proper for the Unemployment Compensation Board of

Review to conclude that claimant's employment was terminated as a result of her own wilful misconduct.

Claimant, a long time employee of Frank's Beverages, was entitled under her work arrangement to two weeks paid vacation in 1971. She notified her employer, Mr. Frank, in May of 1971 that she wanted to take her vacation beginning August 9, 1971. The parties differ in their versions of what transpired. Claimant alleges that her employer never disapproved this request, that he gave her a check for her vacation period in advance and that he never told her that she would forfeit her job if she took her vacation at that time.

The employer's version contended that requested vacation period was never approved but specifically was disapproved because he needed her during the usually busy summer season. The employer contended also that Mrs. Lipshutz was advised that if she left she would forfeit her job. These allegations were elicited solely from the testimony of the employer's general manager. He testified that he had overheard a conversation between the employer and claimant and that the company records indicated that she left voluntarily.

The Board found as a fact that claimant's request had been denied and her subsequent absence from work during that two week period constituted wilful misconduct. Accordingly, she was denied benefits under §402 (e) of the Unemployment Compensation Law.[1]

We hold that the Board erred and that the case must be remanded for further hearings because the employer did not testify and because the findings of the Board relied on hearsay testimony.

The work relationship which existed here was to a great extent determined by the personal interaction between claimant and her employer, Mr. Frank. More

---

[1] Act of December 5, 1936, Art. IV, §402(e), as amended, 43 P.S. §802(e).

importantly, it was he who determined when the vacation was to be taken [2] and the factual disputes in issue went directly to certain conversations between claimant and the employer. In such a situation the testimony of the employer was important, indeed, determinative and he should have been required to appear and testify to the facts so that an intelligent evaluation of the precise happening could be made.

In *Feldman Unemployment Compensation Case,* 186 Pa. Superior Ct. 452, 142 A. 2d 161 (1958), an employee went on vacation in the owner's absence and against the command of the office manager. A deposition relating his version of the working arrangement of the owner was not admitted into evidence. The Court there held that the testimony of the owner should have been compelled to determine the issue of whether that employee could take his vacation or not, saying "[o]n this issue the testimony of Clarke, his employer will be essential; his attendance should be compelled." 186 Pa. Superior Ct. at 456, 142 A. 2d at 162.

In *McAndrew Unemployment Compensation Case,* 178 Pa. Superior Ct. 98, 113 A. 2d 157 (1955), there was a discrepancy between claimant's version of what work instructions were given to her by a forelady and the employer's version of what instructions he gave to the forelady. The employer testified at the hearings but the forelady did not. The employer's testimony was based on hearsay. On the issue of whether the claimant voluntarily left work without good cause, the Court there held that the testimony of the forelady was essential and remanded the case for further hearings.

The testimony of the general manager here was based on hearsay and although we realize that the Board is not required to conform to the statutory or common

---

[2] It was admitted that the general manager was not involved in this decision.

law rules of evidence, the findings of fact based on hearsay will not stand. *Kozlowski Unemployment Compensation Case,* 191 Pa. Superior Ct. 83, 155 A. 2d 373 (1959) ; *McAndrew, supra.*

The actual conversations between the employer and claimant and the actual arrangement with regard to that particular vacation could only properly be determined by the employer's testimony. Accordingly, we issue the following

### ORDER

AND NOW, this 5th day of April, 1973, the decision of the Unemployment Compensation Board of Review is vacated and the record is remitted to the Board for further proceedings consistent with this opinion.