Pellegrino *v.* Unemployment Compensation Board of Review.

Argued April 9, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard S. Packel,* Delaware County Legal Assistance Association, Inc., for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 27, 1973:

This is an unemployment compensation case in which all the compensation authorities denied benefits to the claimant because they concluded that her unemployment was due to a discharge for willful misconduct in violation of Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e).[2]

The claimant, Josephine Pellegrino, was last employed on September 15, 1971 as a machine operator by Crystal X Corporation, Darby, Pennsylvania. She was so employed by this company for three years and eight months and was earning $2.05 per hour.

The findings of fact disclose:

"2. On September 15, 1971, the claimant was instructed by her supervisor to perform a work assignment.

---

[1] Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, as amended, 43 P.S. §751 et seq.

[2] This section provides in pertinent part:

"An employe shall be ineligible for compensation for any week—

. . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act. . . ."

"3. Although the work assignment was reasonable and consistent with her work duties, the claimant refused to perform the work assignment as directed.

"4. The claimant was previously warned by her supervisor regarding her refusal to perform her work as instructed.

"5. As a result of her actions, the claimant was discharged by the employer on September 15, 1971."

These findings of fact are supported by competent evidence and are binding on us as a reviewing court. *See* Section 510 of the Unemployment Compensation Law, 43 P.S. §830, and *Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A. 2d 632 (1962).

Here claimant asserts that the decision which was adverse to her was based on hearsay evidence. We recently considered a similar contention in *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972), where we stated that

". . . the rules of evidence prevailing in courts of law are not controlling in this statutorily regulated proceeding although hearsay, properly objected to, does not constitute competent evidence. Phillips v. Unemployment Compensation Board, 152 Pa. Superior Ct. 75, 81, 30 A. 2d 718 (1943). However, it is equally axiomatic that if there is no objection and the evidence is admitted,[3] the evidence may be given its natural probative effect as if it was in law admissible. Sledzionowski Unemployment Compensation Case, 168 Pa. Superior Ct. 37, 40, 76 A. 2d 666 (1950). In Seifing Unemployment Compensation Case, 159 Pa. Superior Ct.

---

[3] The record discloses that no objections were made to any testimony on the grounds of hearsay or on any other grounds. The claimant was represented by counsel at the hearing before the referee.

94, 100, 46 A. 2d 598 (1946) when addressing itself to the competency of hearsay testimony, the Superior Court stated: '. . . it is no answer to suggest that his testimony was hearsay. The act authorizes the board to prescribe rules of procedure "whether or not such rules conform to common law or statutory rules of evidence and other technical rules of procedure." Id. §505, 43 P.S. §825. A rule (No. 303) of the board adopted September 30, 1942 provides: "observance of common law and statutory rules of evidence and technical and formal rules of procedure shall not be required." And in a comparable area of the law this court and the Supreme Court have held that hearsay testimony taken without objection is properly upon the record, and affords a basis for judgment. Poluski v. Glen Alden Coal Co., 286 Pa. 473, 133 A. 819; Nesbit v. Vandervort & Curry, 128 Pa. Superior Ct. 58, 193 A. 393.'

"Further, the Supreme Court of this state has ruled that 'Even from a purely technical standpoint hearsay evidence, if it is admitted without objection and is relevant and material to the issue, is to be given its natural probative effect and may be received as direct evidence. [Citations]' Holmes Appeal, 379 Pa. 599, 109 A. 2d 523 (1954). See also Shade v. Milk Control Commission, 196 Pa. Superior Ct. 14, 17, 73 A. 2d 647 (1961).

"It is admitted by appellant that there was no objection to the testimony at the hearing. Allusions to the informality of the proceedings do not obviate the necessity of following the rule of law. Under the circumstances, the testimony of the claimant could properly be considered by the Board in reaching a decision." Id. at 41-42, 293 A. 2d at 131 (footnote added).

We must keep in mind that the credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from the evidence are for the Unemployment Compensation Board of Re-

view's determination. *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972).

In *Fields v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 200, 203, 300 A. 2d 310, 311 (1973), we stated that "[t]he term 'willful misconduct' was not defined by the Legislature. As a general principle, the act or course of conduct must be a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, *a disregard of the standards of behavior which the employer has the right to expect of his employee,* or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest, or of the employee's duties and obligations to the employer. Harmer Unemployment Compensation Case, 206 Pa. Superior Ct. 270, 213 A. 2d 221 (1965)."

A reading of the record discloses that the claimant's unjustified refusal to perform her work assignment on September 15, 1971[4] comes well within the judicial definition of willful misconduct as an intentional disregard of the employer's interest and of the employee's duties and obligations to the employer. *France Unemployment Compensation Case,* 205 Pa. Superior Ct. 505, 211 A. 2d 85 (1965).

Order of the Unemployment Compensation Board of Review is hereby affirmed.

---

[4] The record further reveals that on May 17, 1971, the claimant was given her work assignment for the day as was customary, but she refused to carry out the assignment and went home. She was warned by the employer that a repetition of this conduct would result in her discharge.