Anna Borlak, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

490

Argued September 11, 1974, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Michael A. Nemec*, with him *Judd F. Crosby*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, October 22, 1974:

This is an appeal by Anna Borlak (Borlak) from a decision and order of the Unemployment Compensation

Board of Review (Board), dated November 8, 1973, which denied benefits to Borlak.

Borlak was employed by Barkus Bakery (Bakery) in Allison Park, Pennsylvania, for nearly four years until September 13, 1972, when she was discharged following a disagreement with her employer concerning her lunch break. Borlak applied for unemployment compensation benefits on September 14, 1972, but her application was "disapproved" by the Bureau of Employment Security (Bureau). Borlak appealed from the Bureau's decision, and a hearing was held before a referee on January 24, 1973. Borlak was not represented by counsel at the hearing. In a decision dated February 13, 1973, the referee found that Borlak had been discharged after she "was instructed by her supervisor to take a lunch break and refused." The referee concluded that Borlak's refusal to take a lunch break amounted to willful misconduct within the provisions of Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., ‘P. L. (1937) 2897, 43 P.S. §802(e), and that therefore, Borlak was ineligible to receive benefits.[1] Borlak appealed from the decision of the referee, but the Board, in an order dated April 2, 1973, concluded that the referee's determination was proper. Following the Board's decision, Borlak obtained counsel and requested a hearing. On April 26, 1973, the Board vacated its prior decision, reopened the case, and ordered that a further hearing be scheduled. A further hearing, at which Borlak was represented by counsel, was held on

---

[1] Section 402(e) of the Act reads in pertinent part as follows:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

May 18, 1973, and in the decision dated November 8, 1973, the Board affirmed the decision of the referee and denied benefits.

Our scope of review in unemployment compensation cases is confined to questions of law, and absent fraud, a determination as to whether the Board's findings are supported by substantial evidence. Questions concerning the credibility and weight of evidence are for the Board and the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *See Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973).

In her appeal to this Court, Borlak contends (1) that the decision of the Board is not supported by the evidence, and (2) that the record does not support the conclusion of willful misconduct.

In support of her first contention, Borlak argues that certain findings of the Board, which were crucial to the Board's decision, should not be allowed to stand because they were based entirely on hearsay evidence. Borlak's supervisor, Robert Barkus (Barkus), testified at both of the hearings involved in this case. Barkus testified that on September 13, 1972, a foreman came to his office and told him that Borlak had refused to go to lunch, despite being told to do so six times.[2] Barkus stated that he then went to the bakery floor and instructed Borlak to take a lunch break, but that she refused to take a lunch break and was therefore discharged. The Board found that Borlak had refused her foreman's instructions to go to lunch "on six different occasions" and that therefore she was discharged. Borlak testified that she was never told to

---

[2] No objection was made at any point in these proceedings to the hearsay portions of Barkus' testimony.

take a lunch break until Barkus told her to do so. Borlak now argues that the testimony of her foreman was crucial to the determination of this case and that he should have been required to testify. Borlak contends that the Board's findings concerning her foreman should not be allowed to stand because they are based entirely upon Barkus' hearsay testimony. Borlak cites *Lipshutz v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 257, 303 A. 2d 231 (1973), in support of her proposition that the findings based upon hearsay cannot stand. *Lipshutz, supra,* turned on a conversation between a claimant and her employer. The employer did not testify and the only testimony introduced by the employer concerning the crucial conversation was hearsay testimony by the employer's general manager. In *Lipshutz* this Court decided that because the testimony of the employer was determinative of the outcome, he should have been required to appear and testify. We held in *Lipshutz* that the Board's findings concerning the crucial conversation, which were entirely based upon hearsay, could not stand, and therefore remanded the case. The rationale of *Lipshutz, supra,* is not applicable to the present case. The testimony of Borlak's foreman is not necessary for the determination of this case because Barkus also testified that he himself ordered Borlak to take a lunch break and that she refused. Furthermore, as we noted in *Lipshutz, supra,* the Board is not required to conform to the statutory or common law rules of evidence. Hearsay evidence, which is otherwise relevant and material, and which is admitted in an administrative hearing without objection, may be considered by an administrative board, may be given its natural probative effect, and may form the basis for a finding of the Board. *See Pellegrino v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 486, 303 A. 2d 875 (1973); *Philadelphia Coke Division,*

*Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

In an unemployment compensation case, the burden is on the employer to prove that an employe claiming benefits was discharged for willful misconduct. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973). In this case, the Bakery met its burden through the testimony of Barkus. It is true that Borlak's testimony conflicted with Barkus', but a finding of the Board is not to be deemed unsupported by competent and credible evidence merely because some evidence was introduced which conflicted with the evidence supporting the finding. *See Cornyn v. Unemployment Compensenation Board of Review*, 12 Pa. Commonwealth Ct. 447, 316 A. 2d 158 (1974). We hold that there is substantial evidence in this record to support all of the Board's findings.

Borlak's second argument in this appeal is that the evidence in the record and the findings of the Board do not support the legal conclusion of willful misconduct. In order for behavior to constitute willful misconduct, it must evidence (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employes, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interest or the employee's duties and obligations. *See Kentucky Fried Chicken of Altoona, Inc., supra.* Borlak argues that the conduct which led to her dismissal did not rise to the level of a wanton disregard of her employer's interests or a deliberate willful violation of her employer's rules. We find no merit in this argument. The record in this case indicates that Borlak failed to comply with

her employer's rules concerning lunch breaks, and dis-obeyed orders from both her foreman and Barkus. A deliberate violation of an employer's rules constitutes willful misconduct, *see McCullough Unemployment Compensation Case*, 197 Pa. Superior Ct. 389, 178 A. 2d 813 (1962); and a single act of misconduct may constitute willful misconduct and preclude the receipt of unemployment compensation benefits. *See Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A. 2d 528 (1974). The conduct which led to Borlak's discharge falls squarely within the definition of willful miscon-duct and it is difficult for this Court to understand how the Board, considering its findings, could have reached any other legal conclusion.

In summary, we hold that the Board's findings are supported by substantial evidence and that the Board's conclusion of willful misconduct was proper.

Therefore, we

### ORDER

AND Now, this 22nd day of October, 1974, the order of the Unemployment Compensation Board of Review, dated November 8, 1973, denying unemployment com-pensation benefits to Anna Borlak, is hereby affirmed.