Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee, *v.* James A. Stiles, Appellant.

Argued March 6, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Odel Parkinson,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 9, 1975:

This is an unemployment compensation case in which all the compensation authorities denied benefits to the claimant because they concluded that his unemployment was due to a discharge for willful misconduct, in violation of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(e).[1]

The claimant, James A Stiles, was employed for seven years as an offset helper by Federal Paper Board Company. On September 13, 1973, he was discharged by his foreman for allegedly threatening his foreman with bodily harm.[2]

---

1. This section provides in pertinent part:
"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."

2. If there had been sufficient competent evidence to support this allegation, there would be little doubt that, as a matter of law, this type of conduct could constitute willful misconduct. *Wilson v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 314, 325 A. 2d 500 (1974).

After the Bureau of Employment Security (Bureau) denied claimant benefits, he appealed to the Unemployment Compensation Board of Review (Board)'. A hearing was held before a referee on November 5, 1973. At the hearing, the plant supervisor, David Spry, testified on behalf of the employer. The foreman did not testify. The referee found against claimant and claimant then petitioned for, and the Board granted, a remand hearing before the referee. At this second hearing no one testified on behalf of the employer. Claimant, who now had the benefit of counsel, objected to the prior finding of the referee on the basis that the material testimony of the absent foreman was a necessary prerequisite to the findings.[3] After this hearing, the Board affirmed the denial of benefits and claimant therefore appealed to this Court.[4] Because of the confusion that exists on this issue and because of the numerous cases in this area, we have undertaken a thorough examination of the application of the current law to the facts in this case.

Claimant seems to confuse the law concerning hearsay's place in supporting findings and the law concerning the necessity of testimony in Board determinations. To truly understand the difference, we must first keep in mind the well-settled principle that in willful misconduct cases the burden of proof is placed upon the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973).[5]

---

3. Claimant made no specific objection to the testimony of David Spry at the first hearing.

4. The Board's findings of fact disclose:
    "2. Claimant was discharged by his foreman for threatening bodily harm to the foreman.
    "3. Claimant had knowledge that this amounted to insubordination and, as such, was an offense which meant immediate discharge."

5. Other areas of the unemployment compensation law may place the burden on the claimant. For example, a claimant for

Keeping this principle foremost in our thoughts, we further note that the general rule in unemployment cases is that hearsay, *properly objected to,* does not constitute competent evidence to support a finding of the Board. *Pellegrino v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 486, 303 A. 2d 875 (1973). Equally axiomatic is the rule that if there is no objection and the evidence is admitted, the evidence may be given its natural probative effect as if it were in law admissible. *Id.* Further, observance of common law and statutory rules of evidence and technical rules of procedure is not required under the Act. Section 505, 43 P.S. §825. The above general rules are applicable in willful misconduct cases. *Pellegrino, supra; Philadelphia Coke Division v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972). Therefore, claimant, who did not properly object to David Spry's testimony, cannot now complain that the Board considered the hearsay testimony in rendering its decision.

Claimant questions whether or not the Board erred as a matter of law in not requiring the testimony of the foreman. This question underscores the importance of the burden of proof in willful misconduct cases.

We have often noted that the Board is the trier of facts, and it is the Board's responsibility to weigh the evidence and determine the facts of the case, which determination this Court cannot change or alter except for a manifest abuse of discretion. *Peluso v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 250, 315 A.2d 340 (1974). Our duty then is limited to

unemployment benefits who becomes unemployed by voluntary termination of his work bears the burden of proving that such termination was with cause of a necessitous and compelling nature. *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 316 A. 2d 679 (1974).

a determination of whether there is sufficient evidence in the record to permit the Board to make the findings of fact and conclusions it did.

There has long been a rule in this Commonwealth that a lack of necessary testimony in the record will prevent a finding of fact or conclusion of the Board that a claimant was discharged for willful misconduct. *Lipshutz v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 257, 303 A. 2d 231 (1973) ; *Feldman Unemployment Compensation Case*, 186 Pa. Superior Ct. 452, 142 A. 2d 161 (1958).[6] This rule has on occasion been extended to other areas of the Unemployment Compensation Law.[7] However, generally this rule has only been applied in cases where a third party supervisor, other than the supervising party who had immediate control over, and was the recipient of, a claimant's actions, testified at a hearing on behalf of an employer or where the employer sent no one at all to testify at the hearing.[8] This application naturally enough has its basis in the hearsay rules, as the hearsay rules normally need to be applied to determine who in fact is the necessary party.[9] The rule also has been generally limited to those instances where a heavy burden has been placed on the employer and he has failed to meet that burden.

---

6. For a case in which the testimony was not deemed necessitous, see *Borlak v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 489, 326 A. 2d 659 (1974).

7. *See McAndrew Unemployment Compensation Case*, 178 Pa. Superior Ct. 98, 113 A. 2d 157 (1955), which applied the rule to Section 402(b) (i.e., unemployment due to voluntarily leaving work without good cause).

8. For application of the former, see *Feldman, supra.* For application of the latter, see *Lipshutz, supra.*

9. For cases applying both the necessity and the hearsay rules, see *Lipshutz, supra,* and *McAndrew, supra.*

In the instant case, it is clear that the Board cannot make a proper finding without the aid of the testimony of the foreman. It was the foreman who was allegedly threatened and it was the foreman who discharged the claimant. Again, we do not premise our rationale on the hearsay aspects of David Spry's statements, to which objection was not made, and on the inability of claimant to confront and cross-examine his foreman, but in essence the reason for our decision is the absolute necessity for the foreman's testimony in order for the employer to meet the burden imposed on him by the Act.

Having resolved the application of the law to the facts in this case, we, in deciding upon the proper form of our order, are still confronted with what the Board termed the "perplexing problem" of what to do if the necessary witness or witnesses refuse to appear. In the instant case, the foreman never did appear, though he was given two opportunities to do so. During oral argument, the Board asked whether, when a necessary party refuses to testify, they must then in all cases find in favor of the claimant. We need not answer this question because clearly the Board has a remedy in these circumstances.

Section 506 of the Unemployment Compensation Law, 43 P.S. §826, provides:

"In the discharge of the duties imposed by this act, the secretary, the members of the board, any agent duly authorized in writing by the board, and any referee shall have power to administer oaths and affirmations, take depositions and certify to official acts. The department and the board shall have power to issue summons or subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed claim or the administration of this act. Such summons or subpoenas shall be signed by the secretary or the

chairman of the board, as the case may be, or some person duly authorized in writing by the secretary or the board. Witnesses subpoenaed pursuant to this act shall be allowed reasonable fees and expenses at a rate fixed by the department. Such fees and all expenses of proceedings involving disputed claims shall be deemed a part of the expense of administering this act and shall be paid from the Administration Fund."

Several other sections of the Act provide a procedure for the application of this section.[10] Clearly then, under Section 506 the Board and the referees have the power and in fact have an absolute duty to subpoena witnesses in order to render a proper final decision under the Act. This duty has been clearly recognized in the past. *Phillips v. Unemployment Compensation Board of Review,* 152 Pa. Superior Ct. 75, 30 A. 2d 718 (1943).

For the foregoing reasons, we issue the following

## ORDER

AND NOW, this 9th day of May, 1975, the appeal of James A. Stiles is sustained, and the order of the Unemployment Compensation Board of Review is hereby reversed and the record remanded for action by the Board not inconsistent with this opinion.

---

10. See Sections 507 and 508, 43 P.S. §§827-28. The Act is rather thorough on this point and the Board should have no trouble applying it. In addition, the Bureau has already promulgated some regulations to deal with these situations. See 34 Pa. Code §§61.11-.12.