Douglas W. Jones, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Zanita A. Zacks-Gabriel,* with her *Silin, Eckert, Burke & Siegel,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 25, 1977:

Claimant appeals from an order of the Unemployment Compensation Board of Review (Board) refusing him unemployment compensation benefits on the grounds of wilful misconduct. We affirm.

The referee made the following findings of fact:

1. The claimant was last employed as a working foreman by E. P. M. Associates for approximately 14 months at a weekly salary of $210.00. His last day of work was February 12, 1976.

2. For a predecessor company, prior to the acquisition of that company by the claimant's last employer, the claimant had been employed for approximately 30 years.

3. On his last day the claimant, in a loud manner and in the presence of other employees,

expressed his disagreement to the employer's president concerning a certain production order given by the president to another employee.

4. After being interrupted by a call to the telephone the employer's president returned to the claimant and requested that the claimant come to the president's office to discuss the disagreement.

5. The claimant refused to accompany the employer's president to the office for further discussion and was thereupon dismissed.

The referee found that the manner in which the claimant voiced his disagreement with the production order coupled with his refusal to go to his employer-president's office to discuss further the matter amounted to insubordination. The Board affirmed, refusing to allow the appeal.

Claimant argues that in expressing his disagreement over the scheduling of production, which job was primarily his responsibility, he was acting in the best interests of his employer and, therefore, he cannot be charged with wilful misconduct under the good-cause rule of *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). Our examination of the record leaves no doubt that claimant's complaints with regard to the change in the work schedule were so motivated. In this case, however, claimant's motivations with regard to the change in work schedule do not negate a finding of wilful misconduct with regard to his refusal to go to the president's office to discuss it.

In *Frumento,* the Supreme Court held that the rationale for the good-cause rule was:

[T]hat where the action of the employee is justifiable or reasonable under the circumstances it can not properly be charged as a wilful disregard of the employer's intents or rules or the

standard of conduct the employer has a right to expect. [Citation omitted.]

*Frumento, supra,* at 87, 351 A.2d at 634.

Under *Frumento* claimant clearly could not have been denied benefits under wilful misconduct for his good-faith disagreement with the company's president over the scheduling of production. Even the manner in which the disagreement was made *alone* may not have constituted wilful misconduct. The subsequent refusal to discuss the matter further after a "cooling-off period" when the president left the scene, however, was neither reasonable nor justifiable. The president's request was reasonable under the circumstances and refusal to comply with it was wilful misconduct.

Claimant also contends that a single incidence of misconduct cannot constitute wilful misconduct absent substantial loss to the employer. We cannot agree. Wilful misconduct is founded on the breach of a standard of conduct by the employee, not on loss to the employer. It is well settled that a single incidence of misconduct can constitute wilful misconduct. *Borlak v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 489, 326 A.2d 659 (1974) (disagreement over claimant's lunch break).

The president appeared before the referee and testified in detail why this incident, in the presence of the other employees, could not be put aside as a minor incident of "flaring tempers."[1] Claimant had worked for the previous owner of this company for some 30 years. The company had been "padlocked" by Internal Revenue Service and was on the verge of bankruptcy. The president testified he acquired the company and retained the old employees but manifestly had to rearrange the procedures for production if the

---

[1] The president testified that claimant had, on several other occasions, "become upset with my decisions but never to a point that he reached on February 12th."

company was to be "turned around" to remain in business. In this light, following the claimant's loud disagreement, in the presence of other employees, with the president's change in an old procedure and, after the president left the scene having been summoned to and taking a telephone call and returning,[2] his refusal to come to the president's office to discuss the change in procedure can only be characterized as a deliberate and wilful disregard of the employer's interest and the standards of conduct an employer has a right to expect. *Smith v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 304, 331 A.2d 217 (1975). In *Smith* the claimant, after an argument with his supervisor, reported to the general foreman's office to discuss the matter, but refused to stay because he resented the manner in which the general foreman asked him to be seated. This we held to be wilful misconduct.

Accordingly, we will enter the following

ORDER

Now, May 25, 1977, the order of the Unemployment Compensation Board of Review, Decision No. B-135246, mailed on September 29, 1976, is affirmed. Claimant's appeal is dismissed.

---

[2] The length of time of the "cooling-off period" cannot be identified in the record with precision but, taking claimant's own testimony, he characterized it as "a few minutes."

---

DISSENTING OPINION BY JUDGE BLATT:

I respectfully dissent.

I cannot agree that the claimant's refusal of what the employer himself describes merely as an "invitation" to discuss privately a disagreement over the scheduling of work was such a deliberate and willful disregard of the employer's interests that it justifies the denial of unemployment benefits to an employee

with thirty years prior and satisfactory service. In finding this claimant guilty of willful misconduct here, the compensation authorities have, I believe, extended the concept far beyond that which was intended by the legislature. As our own Supreme Court said in *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 86, 351 A.2d 631, 634 (1976):

> The legislative intention could not be achieved if we were to accept a view that would fail to look beyond the fact that an employee in a single instance had acted in a manner contrary to the express direction of the employer.

The majority has agreed that the original basis for the claimant's disagreement here was justifiable and reasonable in that he had been asked to schedule two jobs requiring the use of the same sink, but the majority contends that willful misconduct lies in his later refusal to discuss the matter further in his employer's office. Only a very few minutes intervened, however, during which the employer was then engaged in answering the telephone, and I cannot believe that this period was of sufficient length to constitute a "cooling-off period." Moreover, I believe that the one-minute conversation which then occurred and during which the claimant refused the employer's request to enter the employer's office for further discussion, was merely a continuation of the same argument, and the claimant, in refusing, was choosing to end the discussion rather than to prolong or exacerbate it. This is not a case in which the claimant *refused* a direct *order* by the employer as was the situation in *Borlak v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 489, 326 A.2d 659 (1974), which has been cited by the majority to support the proposition that a finding of willful misconduct can result from a single incident. What the employee rejected here was clearly not an order at all.

As was said in *Frumento, supra,* a single instance of misconduct ordinarily will not bring an employee within the purview of willful misconduct and I do not believe that the claimant's conduct here, where there was admittedly reason for him to believe that his employer's best interests were best served by his refusal of the employer's request, rises to the level of willful misconduct. I would, therefore, reverse the order of the Board and award benefits.