Emma M. Lipfert, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Jerome L. Cohen,* for petitioner.

*William G. Dade,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, September 26, 1979:

Claimant Emma Lipfert appeals from a decision of the Unemployment Compensation Board of Review, which, after a remand hearing, determined that claimant was ineligible for benefits under Section 402(e), 43 P.S. §802(e) of the Unemployment Compensation Law, because her discharge from Giant Market was precipitated by an act amounting to willful misconduct.[1]

Claimant was a delicatessen clerk. Her discharge occurred on the evening of March 14, 1977 when she admittedly prepared a package for a fellow employee containing a quantity of cheese worth $1.42 at retail, a quantity of salami worth $.99, and a quantity of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

ham worth $1.35. Claimant testified that she did not weigh the goods but nevertheless marked the package with $.89 as the total price.

On appeal claimant alleges that her conduct did not amount to willful misconduct as a matter of law, a question subject to our review. *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975).

The employer testified that claimant was terminated because she knowingly and willfully priced for sale quantities of merchandise to another employee at a substantially lower retail value than what the merchandise was worth.

Claimant's justification for her action was that she sold the package as "ends". However, the employer stated the amount of merchandise he weighed in the package constituted more than "ends," which are "a few ounces at the most." Further, the employer testified that the sale of end portions at a reduced value must always be authorized by the department or store manager, which did not occur.

The credibility to be given the witnesses and the weight to be given the evidence is for the Board, and not for this court. *Borlak v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 489, 326 A.2d 659 (1974).

Claimant contends that the store's policy with regard to the sale of "ends" was not clear, that she was in a hurry to leave the store to celebrate her daughter's birthday, and finally, that the merchandise would have been thrown out if she had not sold it as she did. Claimant offers these reasons for her action; none supplies the good cause necessary to overcome the employer's proof of her willful misconduct.

The record in this case indicates that claimant failed to comply with employer's rules. A deliberate

violation of an employer's rule constitutes willful misconduct; a single act of misconduct may constitute willful misconduct and preclude the receipt of unemployment compensation benefits. *Borlak, supra,* 15 Pa. Commonwealth Ct. at 495, 326 A.2d at 663.

Moreover, although the monetary amount here was small, claimant's action involved an unauthorized transfer of the employer's goods which, as an "intentional disregard of the employer's interests," is also willful misconduct. *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974). To hold the difference between $3.76 and $.89 to be de minimis would open an improper door; we cannot do so.

In conclusion, we hold that the Board's findings are supported by substantial evidence and that the Board's conclusion of willful misconduct was proper.

ORDER

AND Now, this 26th day of September, 1979, the order of the Unemployment Compensation Board of Review, dated July 21, 1977, denying unemployment compensation benefits to Emma M. Lipfert, is affirmed.