Herbert R. Partsch, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.
W. S. McQuaide, Inc., Intervenor.

Argued December 18, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Thomas M. Kalinyak,* for petitioner.

*William Kennedy,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*Deborah A. Hughes,* for intervenor.

OPINION BY JUDGE MACPHAIL, January 28, 1982:

Herbert Partsch (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which reversed the decision of a referee and found Claimant ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant had been employed by W. C. McQuaide, Inc. (Employer) as a truck driver for approximately

fifteen years when he was discharged by Employer on or about May 7, 1980. The record reveals that the reason for the discharge was Claimant's failure on May 5, 1980 to request authorization from Employer's dispatcher to return from a delivery trip without having completed two deliveries. The failure to request authorization was, the Board found, in violation of an Employer rule requiring such authorization.[1]

Claimant alleges, and the Board found, that the reason he did not make the deliveries was that while driving on May 5 his right leg was sore and his right foot became numb rendering driving difficult. The pain and numbness were apparently results of a work-related injury suffered in June, 1979 which limited Claimant's ability to drive for prolonged time periods. Claimant testified at a hearing before the referee that although he did telephone the dispatcher following his last delivery of the day, his mind was so clouded by the pain in his leg that he did not request the proper authorization to return with undelivered goods.

Following his discharge, Claimant's application for unemployment compensation benefits was denied by the Bureau (now Office) of Employment Security which found that his discharge was due to willful misconduct. Claimant appealed and, after a hearing, the referee reversed finding that Claimant's actions did not amount to an intentional and substantial disregard of his duties and obligations. The Board subsequently reversed the referee concluding that Claimant had violated Employer's reasonable rule by returning unde-

---

[1] Employer also alleges as a reason for the discharge that Claimant lied to him with regard to Claimant's knowledge of the work rule requiring authorization prior to the return of undelivered goods. The Board did not address this reason for Claimant's discharge. Since we conclude, *infra*, that Claimant's violation of Employer's rule constituted willful misconduct in and of itself, we likewise need not address additional reasons for the discharge.

livered goods without authorization and that his sore leg did not justify his failure to call in for authorization.[2]

In his appeal to this Court, Claimant contends that the Board erred as a matter of law in concluding that Claimant was discharged for willful misconduct and that the Board's findings are not supported by substantial evidence.

The burden of proving willful misconduct is, of course, on the employer. *Boyer v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980). Willful misconduct is established where an employee deliberately violates a rule of his employer, disregards standards of behavior which an employer can rightfully expect from his employee or acts in a negligent manner which manifests culpability, evil design, wrongful intent or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Where it is alleged that an employee has violated a work rule of his employer, the employer must establish the existence of the rule and the fact of its violation. The employee, if attempting to justify the violation, must prove good cause. *Doyle v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 494, 426 A.2d 756 (1981).

The Board made the following relevant findings based on substantial evidence in the record:

---

[2] The Board also concluded that Claimant violated another Employer rule by driving when his foot was numb thereby taking an unreasonable chance which could have resulted in an accident. Since there is no evidence that Claimant was, in fact, discharged for violating that rule, the Board's conclusion is irrelevant. *See Mancini v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 266, 412 A.2d 702 (1980).

4. On or about May 6, 1980, claimant returned from a non-local delivery trip without making two deliveries.

5. Claimant did not make these deliveries because his leg was sore and his foot numb, and he did not want to have an accident. Claimant admits he had difficulty feeling his foot touch the brake petal [sic] and had to stop twice to rest on his return trip.

6. Claimant was aware or should have been aware of the employer's rule requiring drivers to radio the dispatcher for authorization to return without completing their deliveries.

7. Claimant spoke with the dispatcher after making his last delivery, but he did not request authorization to return without completing the two remaining deliveries and he did not mention the physical problem that he was experiencing.

These findings are adequate to support a conclusion that Employer proved the existence of the rule, that Claimant was aware of the rule and that the rule was deliberately violated. *See Bullock v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 528, 402 A.2d 734 (1979).

With regard to Claimant's attempt to establish good cause for his violation of Employer's rule, the Board stated in its discussion that, "Claimant's sore leg is not justification for his failure to call in for authorization." We believe this is a mixed statement of fact and law. The factual element of the statement is that while Claimant's leg was sore it was not so painful as to prevent his requesting proper authorization. The legal element is that the sore leg did not provide good cause for the failure by Claimant to comply with the reasonable rule of his Employer. Since the Board found against Claimant on this point, our scope of review is to determine whether the Board capriciously

disregarded competent evidence and whether the findings of fact are consistent with each other and with the conclusions of law. *Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980). The question of whether or not Claimant has established good cause is one of law and, therefore, subject to our review. *Gwin v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981).

It is clear that there was no capricious disregard of evidence in the instant case. At the hearing before the referee, the Claimant admitted that he did not request authorization to return with the two undelivered shipments. Although Claimant testified that the pain in his leg caused him to fail to request the necessary authorization, he was unable to recall whether he said anything about his leg to the dispatcher when he talked to him about bringing the truck back. In view of Claimant's own testimony in this regard, we cannot conclude that the Board capriciously disregarded competent evidence when it found that Claimant's sore leg and foot did not excuse his failure to comply with Employer's reasonable rule. We agree and conclude as a matter of law that Claimant has failed to prove good cause and that his actions constituted willful misconduct.[3]

Order affirmed.

ORDER

AND Now, this 28th day of January, 1982 the order of the Unemployment Compensation Board of Review, Decision No. B-187297, dated August 27, 1980, is hereby affirmed.

_____

[3] A single act of misconduct may constitute willful misconduct and thereby preclude the receipt of unemployment compensation benefits. *Lipfert v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979).

Judge PALLADINO did not participate in the decision in this case.