James Jones, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 4, 1983, to Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*George M. Sere,* for petitioner.

*Jonathan B. Sprague,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 2, 1983:

James Jones (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) finding him ineligible for unemployment compensation benefits due to willful misconduct. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was last employed by the Blue Bird Food Corporation (Employer) as a utility worker on January 23, 1981, when he was suspended following an altercation with a fellow employee. His suspension was subsequently converted to a discharge on January 27, 1981. The Claimant's application for benefits was denied by both the Office of Employment Security (Office) and, following a hearing at which the Employer failed to appear, by the referee. On appeal, the Board similarly found Claimant ineligible for benefits due to his willful misconduct and in so doing made the following pertinent findings of fact:

2. During the course of the claimant's employment he had been involved in a physical alter-

cation with a co-worker and was warned that any future incident would subject him to dismissal.

3. On January 23, 1981, claimant was involved in a verbal and physical altercation with a co-worker.

Claimant subsequently perfected his appeal to this Court.

It is well settled that the Employer bears the burden of proving willful misconduct. *Partsch v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 293, 439 A.2d 1331 (1982). Where, as here, the party with the burden of proof has prevailed below, our scope of review is to determine whether there is substantial evidence to support the Board's fact findings or whether an error of law has been committed. *Fritzo v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 268, 429 A.2d 1215 (1981). We are also mindful that when a party has prevailed below it is entitled to any inferences which can reasonably and logically be drawn from the evidence. *Winnail v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 114, 375 A.2d 849 (1977).

Claimant contends that Employer has failed to sustain its burden of proving willful misconduct because its evidence consisted solely of hearsay. At the referee's hearing two relevant documents were entered into the record without objection by Claimant. In one the Employer stated the reason for Claimant's unemployment as follows: "Discharged—Fighting with co-worker." The other document relates an Office telephone conversation with Employer's personnel director who stated that, "[Claimant] and another employee were fighting while on the assembly line. A supervisor separated them and they started to fight

again. Then they were fighting in the locker room so we fired both of them.''

The rule regarding hearsay evidence in cases of this nature is that such evidence, when admitted without objection, will be given its natural and probative effect and may support Board findings if it is corroborated by any competent record evidence. *Fritzo.* In the instant case we think Claimant's own testimony adequately corroborates Employer's hearsay evidence. Claimant testified pertinently as follows:

Referee: Alright in your own statement here you said that you had a loud exchange of words with a co-worker. Is that true?

Claimant: That's true.

. . . .

Claimant: [The plant superintendent] said that he saw us fighting. The only physical thing done was the fellow had me at the collar like this. It was the only physical thing done. . . . Now he said he saw us fighting and he heard us arguing. I admit that but nobody hit anybody. Upstairs when we were changing clothes, the guy, he got excited again and he started screaming again. But he calmed down.

We conclude that this testimony is sufficient to constitute corroborative evidence and that the Board reasonably and logically inferred from the evidence that Claimant was engaged in verbal and physical fighting. Moreover, as a matter of law such conduct clearly rises to the level of willful misconduct in that it constitutes a disregard of the standards of behavior which the Employer has a right to expect of an employee. *See Kilpatrick v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 201, 429 A.2d 133 (1981); *Unemployment Compensation Board of Review v. Vojtas,* 23 Pa. Commonwealth Ct. 431, 351 A.2d

700 (1976). We observe that the record also supports the Board's finding that Claimant had been warned that additional fighting incidents would subject him to dismissal. We think that this finding lends further support to the conclusion that Claimant committed willful misconduct.

Order affirmed.[1]

### ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-195598, dated May 28, 1981, is hereby affirmed.

---

[1] We reject Claimant's contention that in order for the Employer to sustain its burden of proof the testimony of a witness to the fight would necessarily have to be presented by Employer. Claimant relies upon the case of *Unemployment Compensation Board of Review v. Stiles*, 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975) to support his argument. In *Stiles*, the employer, as here, relied solely on hearsay evidence to establish willful misconduct. Although the hearsay evidence in *Stiles* was not objected to, it also was not corroborated by any competent evidence of record. Since uncorroborated hearsay evidence cannot support a fact finding, *Fritzo*, we properly concluded that the employer had failed to meet its burden of proof. *Stiles*, therefore, is clearly inapposite because in the instant case we have concluded that Claimant's own testimony constituted the necessary corroborative evidence.