527 A.2d 201

Kenneth Scott Neiman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1986, to Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Scott F. Breidenbach,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, June 12, 1987:

This is an appeal by Kenneth Scott Neiman, claimant, from an order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's denial of benefits on the basis that claimant was guilty of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was employed as a security guard for Yoh Security Inc., employer. He was discharged after reporting over one hour late to a scheduled training session. The record shows that claimant had worked the previous night and attended an early morning physical examination required by the company after which he fell asleep. He slept beyond the training session which was scheduled later that day. The record also shows that claimant had a history of absences and tardiness. Claimant filed a claim with the Office of Employment Security (OES) which denied benefits on the basis that claimant had violated company work rules against absences and tardiness and thus was ineligible for benefits due to willful misconduct. The referee affirmed the OES but for a different reason:

> The claimant had a history of tardiness, about which he had been warned and suspended. The record reveals that further disciplinary action following the suspension, did not specifically follow the employer's stated schedule in reference thereto concerning a dismissal as a result of continued tardiness. However, in the instant case, the claimant was dismissed for not following the direct order to attend a necessary training session, which was required because the claimant had not previously met the necessary qualifications to continue to perform his duties.

Our scope of review in unemployment compensation cases is limited to determining whether the findings of fact are supported by substantial evidence, whether an error of law was committed or constitutional rights were violated. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The OES ruled that claimant was guilty of violating work rules which govern lateness and tardiness. Before the referee, the employer attempted to present evi-

dence that claimant was in violation of work rule "A-12" by failing to comply with a direct order of a supervisor. The order to which the employer referred was supposedly given by claimant's superior, Captain Mark Burner, which directed claimant to report on time to a scheduled training session. Claimant objected at the hearing because this was not a reason upon which the OES based its determination. The referee noted claimant's objection then permitted employer to proceed. The referee then sustained claimant's objection to the hearsay nature of the evidence offered by employer to prove a violation of work Rule A-12. However, the referee affirmed the OES on the basis that claimant had violated rule A-12 but rejected the OES ruling that claimant had violated employer's published work rules because employer failed to follow its own procedure with respect to those rules.

Claimant now argues that, because employer was aware that claimant was, indeed, not in violation of the published rules, it is circumventing its failure to follow these rules by charging claimant with failing to comply with Captain Burner's order. Therefore, he argues the referee is precluded under existing law from ruling on a charge not listed in the notice of determination prepared by the OES.

The record shows that, although claimant had a number of absences and reported to work tardy on a number of occasions, the frequency of these violations does not appear to have violated the disciplinary rules established by the employer. The referee correctly negated the OES decision on this issue. However, we find that the evidence in the record supporting the referee's findings that claimant violated work rule A-12 was hearsay. References to Captain Burner's supposed order were made by employer's witnesses with no first-hand knowledge and the referee properly excluded such evi-

dence. Apparently, however, he based his decision upon references to Captain Burner's supposed order which came into evidence during claimant's counsel's cross-examination of employer's witness. Thus although the referee had previously sustained objections to the admission of any evidence with respect to violation of work rule A-12, he believed that claimant waived his right to the exclusion of any such evidence when he elicited the same information from a witness on cross-examination. Nevertheless, even this evidence is hearsay and uncorroborated by any other evidence in the record.[1] Unobjected to, uncorroborated hearsay cannot support findings of the Board. *See Jones v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 572, 460 A.2d 412 (1983). Because the referee ruled that employer failed to follow its own established disciplinary procedures and his finding that claimant violated work rule A-12 is unsupported by the record, his conclusion that claimant was guilty of willful misconduct and ineligible for benefits is equally unsupported. Normally, we would remand for a rehearing to permit the claimant to prepare for the charge which was unexpectedly raised. *Corressel v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978). We believe this practice should be equally applicable when the employer, as here, raised an issue before the OES which was not part of the OES notice of determination. A reversal would ordinarily de-

---

[1] The Board erroneously asserts that claimant himself admitted at the referee's hearing that he was directed to attend the *exam* because it was necessary for employment. It is true that claimant admitted to being directed to attend the physical but the exam is not the appointment which claimant missed which gave rise to his dismissal. The reason was his being late for the *training session* later that day. The record does not show that claimant admitted to receiving a direct order to attend this training session.

ny an employer the opportunity to prove the allegations it properly raised from the outset but were overlooked by the OES. However, in the case before us, we are faced with neither consideration since the employer had the opportunity to fully present its case on the issue of the work rule A-12 violation and claimant, prevailing on the one issue he was not prepared to address, was not prejudiced by the result. A remand, on the merits, therefore, is not necessary.

Reversed.

ORDER

Now, June 12, 1987, the order of the Unemployment Compensation Board of Review, dated September 12, 1985, at No. B-243354, is reversed.